■ MARK FUOCO et al., Infants, by MARCO FUOCO, Their Father and Natural Guardian, et al., Respondents, v. BOYLE BROS., INC., et al., Appellants.— Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from judgment of Erie Trial Term in motor vehicle negligence action.) Present — Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ ELIZABETH R. BISS, as Executrix of ROBERT A. BISS, Deceased, Respondent, v. TOWN OF CONQUEST, Respondent, et al., Defendants. TOWN OF CONQUEST, Third-Party Plaintiff-Respondent, v. VINCENT H. CENTERS, Doing Business as CENTERS LOGGING AND LUMBER CO., Third-Party Defendant-Appellant.— Order unanimously affirmed, with costs. Memorandum: In an action by an employee against a third party for recovery for injuries sustained in the course of his employment, the third party may not assert as a defense the exclusive remedy of section 11 of the Workmen's Compensation Law and the employer third-party defendant may not assert such a defense against the third-party plaintiff (cf. *Westchester Light. Co.* v. *Westchester County Small Estates Corp.*, 278 N. Y. 175). Nothing contained in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) altered that accepted rule (*Bellefeuille* v. *City & County Sav. Bank*, 43 A D 2d 335). The employer's sole remedy for recovery on the subrogation receipt for sums paid as workmen's compensation is by enforcement of its lien (Workmen's Compensation Law, § 29, subd. 1). This case is distinguishable from *General Aniline & Film Corp.* v. *Schrader & Son* (12 N Y 2d 366) cited by appellant. In that case the plaintiff asserted the right to sue in place of the employer under subdivision 2 of section 29 of the Workmen's Compensation Law when the employee elected not to proceed by common-law action against the third party. (Appeal from part of order of Cayuga Special Term in action for damages for wrongful death.) Present — Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.