133 N.J. Super. 362 (1975)
336 A.2d 508
GUISEPPA RUVOLO, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF ONFRIO RUVOLO, AND INFANT, PLAINTIFFS,
v.
UNITED STATES STEEL CORPORATION AND UNITED STATES STEEL SUPPLY COMPANY, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
SUPERMARKETS GENERAL CORPORATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 7, 1975.
*364 Messrs. Shevick, Ravich, Koster & Baumgarten, attorneys for plaintiffs (Mr. Arnold Koster, of counsel).
Messrs. Stryker, Tams & Dill, attorneys for United States Steel Corporation and United States Steel Supply Company (Mr. Burtis W. Horner, of counsel).
Messrs. McElroy, Connell, Foley & Geiser, attorneys for Supermarkets General Corporation (Mr. George J. Kenny, of counsel, Ms. Linda A. Palazzolo on the brief).
KENTZ, J.S.C.
Third-party defendant Supermarkets General Corporation (herein Supermarkets) has filed a motion to dismiss the third-party complaint of defendants United States Steel Corporation and United States Steel Supply Company (both herein U.S. Steel) on the ground that it is barred by the New Jersey Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., due to plaintiff Ruvolo's prior recovery of workmen's compensation benefits from Supermarkets.
Plaintiff, while employed by Supermarkets, operated a steel-strapping or wirebanding machine which was manufactured and owned by U.S. Steel and leased to Supermarkets. The machine allegedly malfunctioned, a piece of wire snapped and the wire struck the plaintiff in the left eye.
On January 18, 1972 plaintiff, by his guardian ad litem, Guiseppa Onfrio, filed a petition with the Division of Workmen's Compensation against Supermarkets and subsequently received a judgment of $15,000.
Plaintiff thereafter filed a complaint against U.S. Steel alleging, among other things, strict liability plus breach of express and implied warranties.
*365 U.S. Steel, by order of May 22, 1974, joined Supermarkets as a third-party defendant, alleging that Supermarkets was the sole cause of any negligence in that it was negligent both in the maintenance of the machine and in the failure to give proper instructions to plaintiff. U.S. Steel, as lessor of the machine, contends that Supermarkets as lessee failed to notify U.S. Steel of the existence of any malfunctions with the machine which required the lessor's expertise as provided in the lease agreement.
Based on this alleged sole negligence of Supermarkets, U.S. Steel seeks indemnification from Supermarkets to the full extent of any damages recovered by plaintiff against U.S. Steel.
Supermarkets contends that N.J.S.A. 34:15-8 of our Workmen's Compensation Act bars any indemnification claim against them by the third-party plaintiffs.
N.J.S.A. 34:15-8 states.
Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency.
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
N.J.S.A. 34:15-8 provides that when an employee has elected to accept the benefits of the Compensation Act, the employer shall pay compensation to the employee for his personal injuries. Such an election by the employee then creates certain rights and limitations, including a prohibition of lawsuits by the employee against the employer.
N.J.S.A. 34:15-8 effectively bars a suit by plaintiff against Supermarkets by way of direct tort action. Farren v. N.J. Turnpike Auth., 31 N.J. Super. 356 (App. Div. 1954). *366 Similarly, U.S. Steel cannot herein implead Supermarkets on a tort theory. Public Service Electric & Gas Co. v. Waldroup, 38 N.J. Super. 419, 436 (App. Div. 1955). Waldroup holds (at 437) that a defendant in a tort action brought by an employee may not join the employer as a third-party defendant in order to seek contribution from him as a joint tortfeasor.
Therefore, if there is no tort liability on the part of Supermarkets to plaintiff, then U.S. Steel's claim for indemnification likewise cannot rest upon Supermarkets' liability to plaintiff, but must rest either upon an express contract or an implied obligation imposed by law in view of the relationship of the parties.
U.S. Steel admits that no express indemnification clause exists in the lease agreement, but urges that the relationship of lessor-lessee imposed upon Supermarkets a duty to safely operate the machine as well as provide proper supervision and instruction to those employees operating the machine.
The Waldroup decision provides a discussion and delineation of the two concepts of joint tortfeasor contribution versus indemnification:
It will be noted that plaintiff's statment of claim sought recovery either for the entire $3,000, which, if allowed, would be by way of indemnity, or such part thereof as might be recoverable if it were found that plaintiff and defendant were joint tortfeasors, which, if allowed, would be by way of contribution. There is, of course, a fundamental difference between indemnity and contribution. The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence,  a doctrine which, indeed, is not recognized by the common law. See Fidelity & Casualty Co. of New York v. Federal Express, Inc., 6 Cir., 136 F.2d 35, 40. It depends on a difference in the character of kind of wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. [38 N.J. Super at 431]
*367 The Waldroup court concluded (at 436-437) that the Workmen's Compensation Act did in fact bar a claim for indemnity when the relationship between the parties was that of joint tortfeasors.
The cases involving New Jersey law, while upholding the bar to indemnification between joint tortfeasors, also recognize that a right to indemnity may arise out of a special legal relationship of the parties. In Karadis Bros. Painting Co. v. Pennsylvania National Mut. Cas. Ins. Co., 119 N.J. Super. 446, 453 (Ch. Div. 1972) it was stated that "the insured cannot be exposed to liability in the Law Division suit unless by reason of an obligation assumed by contract."
The Court of Appeals for the Second Circuit in Slattery v. Marra Bros., 186 F.2d 134 (1951), while dismissing a third-party complaint based on indemnification between joint tortfeasors, held that
* * * we shall asume that, when the indemnitor and indemnitee are both liable to the injured person, it is the law of New Jersey that, regardless of any other relation between them, the difference in gravity of their faults may be great enough to throw the whole loss upon one. We cannot, however, agree that the result is rationally possible except upon the assumption that both parties are liable to the same person for the joint wrong. If so, when one of the two is not so liable, the right of the other to indemnity must be found in rights and liabilities arising out of some other legal transaction between the two. [at 139; emphasis supplied]
It is the existence of a special legal relationship sufficient to impose certain duties and a subsequent breach of those duties that permits an implied indemnification.
In Hagen v. Koerner, 64 N.J. Super. 580 (App. Div. 1961), a claim was allowed for implied indemnification arising out of the breach of duties of a legal relationship, namely, one of agency. The Hagen court distinguished the Farren case as inapplicable "because the third-party complaint seeks indemnification by reason of the agency relationship of the parties, and does not seek contribution as against a joint tortfeasor." Id. at 584. The court went on to state, "It is well *368 established that an employer may be made to respond indirectly for the damages recoverable by the injured employee, beyond his workmen's compensation liability, on principles of express or implied indemnification." Id.
The United States Supreme Court in Ryan v. Pan-Atlantic, 350 U.S. 124, 130-131, 76 S.Ct. 232, 100 L.Ed. 133 (1955), likewise recognized that a breach of an independent duty owed by the employer to the third party will create a claim for implied indemnity.
I have found no New Jersey case which specifically establishes whether a lessor-lessee relationship is one upon which a claim for implied indemnification can rest.
As stated in 2 Larson, Workmen's Compensation, § 76.42:
If a third party and employer stand in a special legal relationship that carries with it the obligation to indemnify the third party, this relational right of indemnity may be enforced. * * * Such a relationship is that of a bailee to a bailor. [Emphasis supplied]
In 41 Am. Jur.2d, Indemnity, § 520, it is said that "A right to implied indemnity among tortfeasors may arise out of a contractual or special relationship between the parties * * *." See 42 C.J.S. Indemnity § 20 et seq.; Herrero v. Atkinson, 227 Cal. App.2d, 69, 38 Cal Rptr. 490 (D. Ct. App. 1964); Larson v. City of Minneapolis, 262 Minn. 142, 114 N.W.2d 68 (Sup. Ct. 1962); Crouch v. Tourtelot, 350 S.W.2d 799 (Mo. Sup. Ct. 1961).
I conclude that the relationship of lessor-lessee is a sufficient special legal relationship to create duties between Supermarkets and U.S. Steel, and upon a breach of those duties by Supermarkets there may be a claim for recovery based on implied indemnification.
Accordingly, the motion to dismiss the third-party complaint is denied.