Robert B. ACKERMAN and Josephine Ackerman, his wife, Plaintiffs,

v.

SOUTHERN WOOD PIEDMONT COMPANY, a Delaware Corporation, et al., Defendants and Third-Party Plaintiffs,

v.

EDGAR H. ALLEN & SON, INC., Third-Party Defendant and Fourth-Party Plaintiff,

v.

The HOME INDEMNITY COMPANY, Fourth-Party Defendant.

No. 74 C 869.

United States District Court, E. D. New York.

March 2, 1976.

Baer, Arbeiter, Doty & Pribish, Metuchen, N. J. by John J. Pribish, Metuchen, N. J., for plaintiff.

McLaughlin & Lawlor, New York City by James M. O'Donnell, New York City, for defendant Southern Wood Piedmont Co.

Jayne & Gaus, New York City by Seymour I. Yanofsky, New York City, for defendant Floor Constructors, Inc.

Segan, Culhane, Nemerov & Geen, P. C., New York City by Stanley Geen, New York City, for defendant Elite Associates, Inc.

Vincent, Berg, Russo, Marcigliano & Zawacki, New York City by Stanley W. Zawacki, New York City, for third-party defendant Edgar H. Allen & Son, Inc.

Zepnick & Director, P. C., New York City by Gerald Director, New York City, for fourth-party defendant The Home Indemnity Co.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff Robert Ackerman in this diversity action for personal injuries is an employee truck driver of Edgar H. Allen & Son, Inc. (Allen). Plaintiff is a resident of and Allen is incorporated and has its principal place of business in New Jersey. The injury occurred at a construction site in Brooklyn, New York, where plaintiff was to deliver and unload flooring blocks. Named as defendants are (1) the general contractor of the construction job, Elite Associates, Inc., a New York corporation; (2) the flooring contractor, Southern Wood Piedmont Co., a Delaware corporation authorized to do business in New Jersey; and (3) the sub-contractor on the flooring job, Floor Constructors, Incorporated, a Georgia corporation.

The complaint alleges that, while making a delivery and unloading flooring blocks at the job site, plaintiff was injured due to the negligence of defendants in failing to provide him with a safe place to work.

Each of the defendants impleaded plaintiff's employer Allen as third-party defendant, alleging that Allen's equipment, an hydraulic forklift, was defective and the cause of plaintiff's injuries. The third-party complaint seeks contribution for all or part of any judgment plaintiff might recover of defendants. Allen then filed a fourth-party complaint against its automobile and general liability insurance carrier, The Home Indemnity Co. (Home), for a declaratory judgment that it was covered under the policies and that Home was obligated to defend it in the third-party action.

Allen now moves to dismiss the third-party complaint against it and, if the motion is denied, for summary judgment establishing the obligations of Home.

### Motion to Dismiss

Allen's motion to dismiss the third-party complaint brings into focus the interplay between workmen's compensation laws and the right to contribution among joint tortfeasors amidst a question of choice of law.

Plaintiff is recovering workmen's compensation benefits from Allen, apparently under the New Jersey Labor and Workmen's Compensation Law. 34 N.J. S.A. § 15–1 *et seq.* Under New Jersey law an employee cannot sue his employer in tort. When an employer and employee have agreed to the provisions of the Workmen's Compensation Act for personal injury to the employee,

"Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency." 34 N.J.S.A. § 15–8.

The injured employee retains the right to recover damages from third parties for their negligence under New Jersey's Joint Tortfeasors Contribution Law:

"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; . . . ." 2A N.J.S.A. § 53A–3.

The New York Workmen's Compensation Law makes similar provision that an employer's exclusive liability to its employee is the payment of workmen's compensation benefits and that an employee retains the right to sue third parties for their negligence. 64 NYWCL §§ 11, 29.

The laws of the two States differ, however, with respect to whether the employer may be impleaded by the defendants. Under New Jersey law, when an employee who has received workmen's compensation benefits sues a third party in a cause of action for negligence, the employer may not then be impleaded on a claim for contribution or indemnity. *Ruvolo v. United States Steel Corp.,* 133 N.J.Super. 362, 336 A.2d 508 (1975); *Ka-*

*radis Bros. Painting Co., Inc. v. Pennsylvania National Mutual Casualty Insurance Co.,* 119 N.J.Super. 446, 292 A.2d 42 (1972); *Farren v. New Jersey Turnpike Authority,* 31 N.J.Super. 356, 106 A.2d 752 (1954).

The rationale behind this rule, as stated by the New Jersey courts, is that by virtue of the workmen's compensation agreement, an employer is not liable in tort to its employees and therefore cannot be made so indirectly via a third-party action. *Farren v. New Jersey Turnpike Authority, supra,* at 754.

In contrast, under New York law a third-party action may be maintained against an employer for indemnity, *Westchester Lighting Co. v. Westchester Small Estates Corp.,* 278 N.Y. 175, 15 N.E.2d 567 (1938), or for contribution, *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382 (1972). The *Dole* doctrine serves to allocate fault among co-tortfeasors *inter se* but does not alter a plaintiff's common law right to a full recovery from any tortfeasor. Defendants here clearly predicate their right to an apportionment of liability based on the determination of their relative responsibility for plaintiff's injury under this principle of New York law.

The New York courts have permitted the maintenance of such third-party actions against the employer. See *Tallarico v. Long Island Lighting Co.,* 45 App. Div.2d 845 (2 Dept.), 358 N.Y.S.2d 442 (1974); *Biss v. Town of Conquest,* 45 App.Div.2d 914 (4 Dept.), 357 N.Y.S.2d 298 (1974). Indeed the *Dole* case itself involved an employer impleaded as a co-tortfeasor in an action by an employee against a third party. Furthermore, the *Dole* doctrine has now been codified in Article 14 of the CPLR, and as stated by the Judicial Conference of the State of New York (1974), "the proposed statute is not intended to change existing law where contribution is presently permitted despite the fact that the one against whom it is sought had a personal defense against the injured party." See Weinstein, Korn, Miller, 2A New York Civil Practice ¶¶ 1401.10, .15.

In support of its motion to dismiss the third-party complaint, Allen urges that New Jersey law should be applied, barring the maintenance of any action against it, on the grounds that (1) plaintiff employee and employer are both residents of New Jersey, (2) the plaintiff receives benefits under New Jersey's compensation law, and (3) the State whose workmen's compensation program is involved has the most significant interest in the application of its law.

■ A federal court sitting in diversity must apply the choice of law rule of the forum State. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Patch v. Stanley Works,* 448 F.2d 483 (2 Cir. 1971). The court has concluded that New York law should be applied for the reasons set forth below.

■ The rule of *lex loci delicti* as controlling choice of law has been superseded in New York in favor of an analysis of the interests of the States concerned in the application of their respective laws. *Neumeier v. Keuhner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972); *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963); *Auten v. Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954); *Pahmer v. Hertz Corp.,* 36 App.Div.2d 252 (2 Dept.), 319 N.Y.S.2d 949 (1971). In evaluating the interests of the respective States, it would appear that New York has the most significant interest in the advancement of its strong public policy to hold a co-tortfeasor, albeit an employer of the plaintiff, responsible to the other tortfeasors for its proportionate share of a plaintiff's injury.

In the circumstances of this case, that interest is paramount. The situs of the injury was New York. The injury occurred as a result of construction activity involving New York corporations or those willing to transact business in New York, including plaintiff's employer. Most importantly, however, the single significant contact of New Jersey to this action lies with the employee-employer workmen's compensation relationship. That contact is not significantly impinged by allowing the action to be maintained. Establishment of the relative responsibility of the employer vis-a-vis the alleged tortfeasors, named as defendants in the main action, is independent of a New Jersey-based relationship and indeed is directly related to a New York interest. As stated by the New York Court of Appeals in *Dole v. Dow Chemical Co., supra,* 30 N.Y.2d at 152, 331 N.Y.S.2d at 390.

"The relative responsibility of the employer and the [defendant] would be determined only in the action by the [defendant] in which the cause asserted is based on a separate legal entity of rights to be adjudicated from the action by the [employee] against it."

Because the application of New York law permits the maintenance of a third-party action against the employer. Allen's motion to dismiss is denied.

*The Insurer's Obligation to Defend*

The second aspect of Allen's motion is to determine the obligation of its insurance carrier, Home, to defend. Home covers Allen's comprehensive general and automobile liability insurance. New Jersey Manufacturers Insurance Company covers Allen's workmen's compensation and employers' liability and has defended Allen so far in this action.

■ Home's comprehensive liability policy undertakes to

"pay on behalf of insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies . . . ."

However, the exclusions in the policy state:

"This insurance does not apply:

\* \* \* \* \* \*

"(b) to bodily injury . . . arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile . . . owned or operated by . . . any insured . . . .

\* \* \* \* \* \*

"(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured *or to any obligation of the insured to indemnify another because of damages arising out of such injury*; but this exclusion does not apply to liability assumed by the insured under an incidental contract . . . ." (Emphasis supplied.)

Thus without any claim of the existence of an incidental contract, the liability policy excludes coverage not only for bodily injury arising out of operation or unloading of a vehicle or to an employee but any obligation to indemnify, and therefore does not cover this action.

 Home's automobile policy, however, while excluding

"bodily injury to any employee of the insured arising out of and in the course of his employment by the insured . . . "

contains no parallel provision for exclusion of the obligation to indemnify. Strictly reading the provisions, the insurer's failure to exclude indemnity liability in its automobile policy must be taken to impose the duty to defend and indemnify upon Home. The exclusion which makes the policy inapplicable

"(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation . . . benefits law . . . ."

is inapposite to Home's duty to defend and does not prevent the duty to indemnify at least as to that portion of the employer's liability not covered by the workmen's compensation policy. The Home Indemnity Company is therefore obligated to defend and indemnify, if necessary, its insured.

Accordingly, the motion to dismiss the third-party complaint is denied, and the motion for summary judgment in favor of the fourth-party plaintiff is granted.

SO ORDERED.