■ ELEANOR GOLDSTEIN et al., Respondents, v BARCO OF CALIFORNIA, INC., et al., Defendants and Third-Party Plaintiffs, et al., Defendants. INTERNATIONAL PAPER CO., Third-Party Defendant, Fourth-Party Plaintiff-Respondent, et al., Third-Party Defendant, and NATHAN'S FAMOUS, INC., Fourth-Party Defendant-Appellant. (And Other Actions.) — In an action to recover damages for personal injuries, etc., fourth-party defendant Nathan's Famous of Massapequa, Inc. (also referred to as Nathan's Famous, Inc.) appeals from an order of the Supreme Court, Nassau County (Berman, J.), dated June 19, 1984, which denied its motion to amend its fourth-party answer to plead as an

affirmative defense the exclusive remedy of the Workers' Compensation Law § 11..

Order affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

An employer may be liable in a third-party action (or, as in this case, a fourth-party action), based upon an injury sustained by its employee arising out of and in the course of that employment, even though a direct action by the employee against the employer would have been barred by Workers' Compensation Law § 11 (*Dole v Dow Chem. Co.,* 30 NY2d 143, 152). In this case, there is no direct action between plaintiff Eleanor Goldstein and her employer Nathan's Famous of Massapequa, Inc. Rather, the employer is a defendant in a separate fourth-party action in which a fourth-party plaintiff seeks indemnification or contribution for any recovery against it. The provisions of the Workers' Compensation Law do not bar such an action (*Dole v Dow Chem. Co., supra,* p 152; *see also, Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 45 NY2d 551). Thus, Special Term properly denied the motion by the fourth-party defendant to amend its answer (*Biss v Town of Conquest,* 45 AD2d 914; *see also,* 2C Warren's Negligence, § 2.02 [5] [j] [iii], p 279). Although leave to amend a pleading should be freely given (CPLR 3025 [b]), an amendment which is devoid of merit should not be permitted (*see, e.g., Boccio v Aspin Trucking Corp.,* 93 AD2d 983; *Taylor v Taylor,* 84 AD2d 947; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, pp 481-482). Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.