**Allen L. JONES, as Executor of the Estate of Marjie A. Jones, Plaintiff,**

v.

**MUNSON TRANSPORTATION, INC., Rudy A. Hunt and Fruehauf Corporation, Defendants.**

**MUNSON TRANSPORTATION, INC. and Rudy A. Hunt, Third–Party Plaintiffs,**

v.

**FUCHS, INC. and William Shaulis, Third–Party Defendants.**

**No. 87 CV 645.**

United States District Court, E.D. New York.

Jan. 31, 1988.

Rodman & Campbell, P.C., New York City by Hugh W. Campbell, for plaintiff.

Standard, Weisberg, Heckerling & Rosow, P.C., New York City by Arnold Stream, for defendants and third-party plaintiffs Munson and Hunt.

Herzfeld & Rubin, P.C., New York City by Peter J. Kurshan, for defendant Fruehauf.

Newman Schlau Fitch & Burns, P.C., New York City by Carole A. Burns, for third-party defendants.

### MEMORANDUM AND ORDER

PLATT, Judge.

Third-party defendants Fuchs, Inc. ("Fuchs") and William Shaulis ("Shaulis") move the Court to dismiss the third-party complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the third-party complaint fails to state a claim upon which relief may be granted or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The third-party defendants contend that the Court must dismiss the third-party action because the law of Wisconsin applies and under Wisconsin law there is no cause of action for indemnification or contribution by a third party against an employer paying Workers' Compensation benefits. The other parties contend that the law of New York, under which such an action is permitted, applies and, consequently, the third-party complaint should not be dismissed.

## FACTS

In the complaint in the underlying action, the plaintiff seeks damages for wrongful death and pain and suffering as a result of a truck accident that occurred on November 19, 1985, on the Clearview Expressway in Queens County, New York. The plaintiff, Allen Jones, is the executor of the estate of Marjie Jones, who died as a result of the accident. Both the plaintiff and the decedent are citizens of Wisconsin. At the time of the accident the decedent was a passenger in a truck owned by her employer, Fuchs, and driven by her co-employee, Shaulis. The truck was en route from Wisconsin to Amityville, New York. Both Fuchs and Shaulis are Wisconsin domiciliaries. The truck in which the decedent was riding ran into the rear of a truck owned by defendant and third-party plaintiff Munson Transportation, Inc. ("Munson") and driven by defendant and third-party plaintiff Rudy A. Hunt ("Hunt"). Both Munson and Hunt are Illinois domiciliaries. The Munson truck was manufactured by defendant Fruehauf Corporation ("Fruehauf"), a Michigan domiciliary.

Fuchs has paid and continues to pay Workers' Compensation benefits to Marjie Jones' survivors as required by the State of Wisconsin.

An Administrative Law Judge at the New York State Department of Motor Vehicles determined that defendants and third-party plaintiffs Munson and Hunt had no responsibility for the accident and that third-party defendants Fuchs and Shaulis were responsible. As a result of his findings, the Administrative Law Judge suspended Shaulis' right to drive in New York for six months.

### Conflict of Laws Issue

Both the statutory and case law of Wisconsin prohibit third-party actions against an employer for contribution or indemnification. The Wisconsin Workers' Compensation Law makes recovery of workers' compensation under the statute the "exclusive remedy against the employer, any other employee of the same employer, and the Workers' Compensation carrier." Wis. Stat.Ann. § 102.03(2) (West Supp.1987). Further, the Wisconsin Supreme Court has held that a third-party tortfeasor has no remedy against an employer, because the statute is the exclusive remedy. *Mulder v. Acme–Cleveland Corp.*, 95 Wis.2d 173, 177, 290 N.W.2d 276, 278 (1980). *See also Ladwig v. Ermanco Inc.*, 504 F.Supp. 1229, 1238 (E.D.Wis.1981). Since Fuchs was the decedent's employer and Shaulis was her co-worker, under Wisconsin law the third-party complaint would be dismissed.

In contrast, in New York, actions for contribution or indemnification against a decedent's employer are permitted under *Dole v. Dow Chemical Co.*, 30 N.Y. 143, 153, 331 N.Y.S.2d 382, 391–92, 282 N.E.2d 288, 295 (1972), in spite of the fact that the Workers' Compensation Laws are the sole remedy an employee has against his employer. *Id.* at 152, 331 N.Y.S.2d at 390–91, 287 N.E.2d at 294. Further, New York has codified the *Dole* decision in section 1402 of the New York Civil Practice Law and Rules (McKinney 1976). Thus, if the law of New York applies, the third-party action would go forward.

## DISCUSSION

■ In a conflict of laws situation a federal court sitting in diversity must use the choice of law rule of the forum State to determine which law to apply. *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Machleder v. Diaz*, 801 F.2d 46, 51 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1294, 94 L.Ed.2d 150 (1987). Since New York is the forum State, we must look to its choice of law rules.

To resolve choice of law disputes in tort actions, New York has replaced the traditional *lex loci* rule with "interest analysis." *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 95, 480 N.E.2d 679, 683 (1985); *Babcock v. Jackson*, 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 748, 191 N.E.2d 279, 282 (1963). In applying interest analysis a Court determines which jurisdiction has the greatest interest in the litigation and applies that jurisdiction's law. *Schultz*, 65 N.Y.2d at 197, 491 N.Y.S.2d at 95, 480 N.E.2d at 683. The Court must look at the factors relating to the policy and purpose of the applicable State's laws. *Morgan Guaranty Trust Company of New York v. Garrett Corp.*, 625 F.Supp. 752, 758 (S.D.N.Y.1986). The most important factors in any analysis are the domicile of the parties and the locus of the tortious conduct and injury. *Gregory v. Garrett Corp.*, 578 F.Supp. 871, 881 (S.D.N.Y.1983). The analysis of the relative interests of the jurisdictions depends on the characterization of the applicable rules of law. For example, when the law sets a standard of conduct, the law of the place of the tort will generally apply; however, when the applicable law seeks merely to allocate losses, generally the domiciles of the parties become more important to the analysis. *Schultz*, 65 N.Y.2d at 198, 491 N.Y.S.2d at 95–96, 480 N.E.2d at 684–85.

Wisconsin has an expressed interest in limiting the liability of employers by making its Workers' Compensation statute the exclusive remedy against an employer and allowing no third-party suits for indemnification or contribution. In contrast, New York, which also has a Workers' Compensation statute,[1] has expressed a strong public policy in favor of making each tortfeasor pay his proportionate share to compensate an injury. *Ackerman v. Southern Wood Piedmont Co.*, 409 F.Supp. 469, 471 (E.D.N.Y.1976).

The situation in *Ackerman* was very similar to that in the instant case. The injury and tortious activity occurred in New York. The plaintiff and his employer, the third-party defendant, were New Jersey domiciliaries. Under New Jersey law an employer is only liable for payments under the Workmen's Compensation law and may not be impleaded for contribution or indemnification. *Id.* at 471; 34 N.J.Stat.Ann. § 15–1, *et seq.* (West 1959 and Supp.1987). U.S. District Judge Edward R. Neaher of this Court concluded that New York had the most significant interest in its policy to hold all joint tortfeasors liable under *Dole v. Dow. Id.* at 472. The Court determined that the most important factors were that New York was the situs of the accident and that the defendant and third-party defendant were transacting business in New York. *Id.*

U.S. District Judge Gerard L. Goettel reached a similar conclusion in *Gregory v. Garrett Corp.*, 578 F.Supp. 871, 882–83 (S.D.N.Y.1983). That Court concluded that because the *Dole* decision involved a worker's compensation case and imposed liability in spite of the policy disallowing employee suits against employers, the allowance of indemnification and contribution suits represented a particularly strong policy statement. *Id.* at 883. Thus, New York had a strong interest in having these suits go forward.

Judge Goettel revisited this issue in *Morgan Guaranty Trust Company*, 625 F.Supp. 752, following the *Schultz* decision by the New York Court of Appeals. The Court determined that its original decision would stand because the New York rule allowing contribution or indemnification suits against employers was a conduct regulating rule rather than a loss allocating rule. *Id.* at 757 n. 7. As a consequence, since the purpose of the rule was to deter

---

1. The New York Workers' Compensation statute makes Workers' Compensation benefits the exclusive remedy available to an employee against his employer for "disability or death from injury arising out of and in the course of employment...." N.Y.Work.Comp. Law §§ 10, 11 (McKinney Supp.1988). *Dole v. Dow* is an exception to this exclusive remedy. Minkowitz, *Practice Commentaries to Section 11* at 140 (McKinney Supp.1988). Further, section 29 of the New York Workers' Compensation Law makes the statute the only remedy an injured employee has against his co-worker. N.Y.Work. Comp. Law § 29 (McKinney Supp.1988).

tortious activity, New York, as the location of the tortious activity, had the greatest interest in the outcome of the action. *Id.* The Court distinguished the loss allocating charitable immunity rule at issue in *Schultz. Id.*

■ This Court adopts the reasoning of Judges Neaher and Goettel. The New York policy allowing indemnification and contribution actions against employers shows a much stronger interest than that of Wisconsin in keeping employers free of liability. Further, since this New York rule is conduct regulating, the law of the situs of the tortious conduct should apply. *See Schultz,* 65 N.Y.2d at 198, 491 N.Y.S. 2d at 95, 480 N.E.2d at 684. Also important is the fact that the truck owned and operated by third-party defendant Fuchs was using New York highways for business purposes at the time of the accident. The purpose of the *Dole* rule is to deter tortious conduct by creating a deterrent. Forcing Fuchs and Shaulis to pay their proportionate share of the damages will impress upon them the importance of safe conduct on New York highways. Since New York has a greater interest than Wisconsin and allows third-party actions against employers, the third-party complaint will not be dismissed.

The Court would reach the same result if we were to term this a loss allocation statute and apply (assuming the same to be applicable to the facts here) the rules developed by the New York Court of Appeals in *Neumeier v. Kuehner,*[2] 31 N.Y.2d 121, 128, 335 N.Y.S.2d 64, 70, 286 N.E.2d 454, 457–58 (1972), for resolution of conflicts cases in-

volving guest statutes. The Court of Appeals extended the *Neumeier* rules to cover all conflicts between loss distribution rules of law. *Schultz,* 65 N.Y.2d at 198, 491 N.Y.S.2d at 96, 480 N.E.2d at 685. The third *Neumeier* rule would apply to the facts of this case because the third-party action, the cause of action at issue here, concerns parties who are domiciled in different States, and neither is domiciled in the State where the accident occurred. Under the third *Neumeier* rule, the appropriate rule of law is that of the State where the accident occurred, unless "displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Neumeier,* 31 N.Y.2d at 128, 335 N.Y.S.2d at 70, 286 N.E.2d at 458. The analysis of the interests of New York and Wisconsin shows that New York has a greater interest than Wisconsin and New York is also the State where the accident occurred. Further, there is no evidence that the multi-State system would be enhanced by applying Wisconsin law. Therefore, it is appropriate to apply the law of New York under which the third-party action would not be dismissed.

Accordingly, the third-party defendants' motion to dismiss is hereby denied.

SO ORDERED.

---

**2.** The rules laid down in *Neumeier* for resolving conflicts involving guest statutes are:

    1. When the guest-passenger and the host-driver are domiciled in the same state, and the car is there registered, the law of that state should control and determine the standard of care which the host owes to his guest.

    2. When the driver's conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile. Conversely, when the guest was injured in the state of his own domicile and its law permits recovery, the driver who has

come into that state should not—in the absence of special circumstances—be permitted to interpose the law of his state as a defense.

    3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.

*Neumeier,* 31 N.Y.2d at 128, 335 N.Y.S.2d at 70, 286 N.E.2d at 257–58.