**PEOPLE OF the STATE OF NEW YORK, Plaintiff,**

**v.**

**Shango Bahati KAKAWANA (Indicted as Bernard Stroble), Defendant.**

**Cr. No. 76–8.**

United States District Court, W. D. New York.

Feb. 2, 1976.

Louis K. Lefkowitz, Atty. Gen. of N. Y., New York City, Michael J. Fitzgerald, Asst. Atty. Gen., Buffalo, N. Y., for plaintiff.

Stuart R. Cohen, Lackawanna, N. Y., William H. Goodman, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

For the second time, defendant Stroble has removed this criminal action from state court. Previously, this criminal action was remanded because the relief allegedly denied defendant was the subject of a pending motion before the state court.[1] On December 31, 1975, Justice Carman F. Ball of the New York Supreme Court, County of Erie denied defendant Stroble's motion, and on January 12, 1976 the criminal action was again removed pursuant to 28 U.S.C. § 1443.

The background of this case is the tragedy at Attica Correctional Facility between September 9 and 13, 1971. Subsequently, state prosecutions were initiated almost exclusively against then inmates of Attica. As a defense to these prosecutions, defendants including defendant Stroble have frequently raised the question of selective prosecution.

The Governor of the State of New York, the Honorable Hugh L. Carey, has received certain documents, identified as the Bell and Meyer Reports. The Bell Report was a confidential report to the Governor and the State Attorney General by Malcolm Bell, a former Special Assistant Attorney General for the Attica prosecution, which criticized its alleged onesidedness. Upon receipt of the Bell Report, the Governor appointed former Supreme Court Justice Bernard S. Meyer to investigate the allegations. The result was a three-volume report. As of this date, the Governor has released only one volume of the Meyer Report and nothing from the Bell Report.

---

1. In the order which previously remanded defendant Stroble's case, this Court stated that counsel William Goodman had admitted at oral argument on December 22, 1975 that Bernard Stroble had not joined in the motion in state court. An affidavit of Stuart Cohen, co- counsel for defendant, and the decision of the state court on the motion indicate that this was erroneous. This knowledge does not alter this Court's reasoning for remanding on the previous occasion.

A motion by defendant Stroble and two co-defendants, Armstrong John and Milton Jones, under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Article 240 of the New York Criminal Procedure Law has now been denied by Justice Ball who concluded that there had been a failure to show that the reports contained information essential to the defense of the criminal charges.

Normally, there would be no question that the denial of *Brady* material does not justify removal of a state criminal prosecution to federal court. However, extraordinary removal jurisdiction is conferred under 28 U.S.C. § 1443 and may permit removal to federal court, but only if the strict requirements of that section are met.

28 U.S.C. § 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The most recent United States Supreme Court cases construing § 1443 are the companion decisions in *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), and the decision in *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). Those cases establish that a removal petition under § 1443 must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality". *Georgia v. Rachel, supra,* 384 U.S. at 792, 86 S.Ct. at 1790. Defendant Stroble has invoked 42 U.S.C. § 1981 in the removal petition. This section qualifies under the statutory definition as a specific federal statute. *Greenwood v. Peacock, supra,* 384 U.S. at 825, 86 S.Ct. 1800.

Second, it must appear, in accordance with the provisions of § 1443, that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of [the] State." *Johnson v. Mississippi, supra,* 421 U.S. at 217, 95 S.Ct. 1591, at 1594. It is this requirement which defendant Stroble is unable to sustain by the allegations of his removal petition.

"It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.". *Greenwood v. Peacock, supra,* 384 U.S. at 827, 86 S.Ct. at 1812.

Normally, the denial must be manifested in a formal expression of state law, *Georgia v. Rachel, supra,* 384 U.S. at 803, 86 S.Ct. 1783, or in unusual circumstances such as found in that case where § 203 of the Civil Rights Act of 1964 expressly bars even an attempt by the state to prosecute. ("  *  *  * removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Id.,* at 804, 86 S.Ct. at 1796.)

A reading of the petition for removal by this Court indicates that the allegations are insufficient to sustain removal under § 1443. The removal petition does not allude to any state law of general application which predictably will deny defendant's right to a fair trial or his right to offer evidence because of his race. At most, defendant alleges a present specific policy of the Governor of New York not to divulge the requested reports and general illegal activities by the prosecution. However, the decision of the Governor certainly is not the final word on disclosure. As referred to in Justice Ball's decision on the motion in state court, the Supreme Court in *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), affirmed the power of the courts to order such documents disclosed if it is demonstrated that the material is "essential to the justice of the pending criminal case." The decision of the state court does not transform the action of the Governor to the required formal expression of state law nor does it become such for the purposes of § 1443. Further, there are no unusual circumstances which permit a finding of an equivalent basis.

A remand of this case to state court is no intimation that defendant Stroble has or has not alleged a prospective denial of rights guaranteed to him under federal law.

By motion of this Court, this criminal case is remanded.

It is so ordered.