Dr. Ray MAYBERRY

v.

PENINSULA PSYCHIATRIC HOSPI-
TALS, INC., Peninsula Psychiatric Cen-
ter, Inc., Carl Koella, Jr., William E.
Greer·and Patricia Roberts Harris, Sec-
retary of Housing and Urban Develop-
ment.

Civ. No. 3–79–205.

United States District Court,
E. D. Tennessee, N. D.

May 31, 1979.

Morgan, Garner, Wood & Guthrie, Chat-
tanooga, Tenn., for plaintiff.

Lewis Hagood, McAfee Lee, Knoxville,
Tenn., Rom Meares, Maryville, Tenn., An-
drew Johnson, Knoxville, Tenn., for defend-
ants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case, having been removed from
Chancery Court for Blount County, Tennes-
see, is presently before the Court for consid-
eration of a motion to remand filed by the
private defendants. In his complaint, plain-
tiff alleges that defendants Carl Koella, Jr.
and William E. Greer have defrauded him
as a minority shareholder in defendants Pe-
ninsula Psychiatric Hospitals, Inc. and Pe-
ninsula Psychiatric Center, Inc. and have
also defrauded him personally. Pursuant to
28 U.S.C. §§ 1441(a) and 1442(a)(1), defend-
ant Patricia Roberts Harris, Secretary of

the Department of Housing and Urban Development, removed the case to this Court.

 Section 1441 cannot be relied upon to sustain removal. Section 1441 requires that all "proper, necessary and indispensable" defendants consent in order that a removal petition be valid. 1A Moore's *Federal Practice* ¶ 0.168[3.–2] at 447–449. In the case sub judice, all defendants did not join in the petition, and in fact, the private defendants have now moved to remand.

 In contrast, there is no requirement that all defendants join in a removal petition under Section 1442(a)(1). *Howes v. Childers,* 426 F.Supp. 358, 359 (E.D.Ky. 1977). In the Court's view, however, that provision was not intended to apply under circumstances such as those in this case.

Section 1442 provides in part:

(a) A civil action . . . commenced in a State court against any of the following persons may be removed by them to the district court of the United States . . .

(1) Any officer of the United States . . . for any act under color of such office . . ..

"The rationale or purpose of § 1442 is to protect federal officers and federal agencies against actions brought which threatened personal liabilities or penalties." *Wilhelm v. U. S. Dept. of Air Force, Accounting and Finance Center,* 418 F.Supp. 162, 165 (S.D. Texas 1976). Plaintiff does not allege any wrongdoing on the part of the Secretary, whether by virtue of her federal office or upon any other basis. *Cf. Williams v. Williams,* 427 F.Supp. 557, 563–64 (D.Md.1976). The Secretary's only connection to this lawsuit is that the corporate defendants have obtained a substantial mortgage from the Department of Housing and Urban Development, which might be affected. The validity of the mortgage, and the Government's rights pursuant thereto, are not challenged on the face of the complaint. In view of the fact that no remedy of any kind is sought against the Secretary, this is not an action "against" an officer for purposes of Section 1442. *See West v. West,* 402 F.Supp. 1189, 1191 (N.D.Ga.1975). The Court thus concludes that no statutory basis for removal in this case exists and that the case was improperly removed.

For the foregoing reasons it is ORDERED that defendants' motion to remand be, and the same hereby is granted, and that this case be, and the same hereby is, remanded to Chancery Court for Blount County, Tennessee.

Order accordingly.