**LITTLE FERRY ASSOCIATES,**
**Landlord-Respondent,**

v.

**Juan Gilberto DIAZ, George H. Reilley,**
**Maloney's Delicatessen,**
**Tenant-Petitioner.**

**No. 79 Civ. 4661.**

United States District Court,
S. D. New York.

Feb. 29, 1980.

Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C., Brooklyn, N. Y., for landlord-respondent; Todd I. Nahins, Brooklyn, N. Y., of counsel.

Felix J. Ziobert, New York City, for tenant-petitioner.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff/respondent, Little Ferry Associates ("Little Ferry") commenced a landlord-tenant action in New York City Civil Court seeking to evict defendant/petitioner, Diaz from certain commercial space on the ground that the premises were not subject to a written lease; that Diaz was a hold-over tenant; and that the landlord was entitled to possession of the premises. Diaz removed the action to this Court and Little Ferry now moves for an order remanding the action to the state court on the ground that it was improperly removed. 28 U.S.C., section 1447(c).

Diaz claims that the action was properly removed under two removal provisions, 28 U.S.C., sections 1441(b) and 1443(1). The basis for this contention is his allegation that Little Ferry seeks to evict him solely because he is Puerto Rican—in violation of federal rights secured under the Constitution, 42 U.S.C., section 1983, and 42 U.S.C., section 2000e[1] as well as in violation of New York Executive Law, section 296(5)(b).

Diaz' reliance on section 1441(b) is misplaced. That section permits removal of an action which could have been brought originally under federal question jurisdiction. It is a hornbook principle of federal jurisdiction that "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim."[2]

Regardless of the merits of the discrimination claims made by Diaz, it is clear that they are not raised on the face of plaintiff's petition to evict Diaz as a holdover tenant. If such a claim can be asserted at all it must be by way of defense or counterclaim. Accordingly, removal based on section 1441(b) was improper.

Section 1443(1), the other provision Diaz relied upon, provides for the removal of a civil action "[a]gainst any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal rights of citizens of the United States . . . ." The right to remove an action under this section is predicated upon two essential prerequisites: (1) a federal right guaranteed by federal law providing for specific civil rights stated in terms of *racial* equality; and (2) a solid basis for predicting that the defendant's civil rights will be denied in the state court. To fulfill the second stem of this test, the denial of federal rights normally must be

1. Section 2000e (to which Diaz' papers consistently refer) is the federal statute prohibiting discrimination as to *employment opportunities.* Nothing therein refers to discrimination in the rental of commercial space.

2. 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; 1A Moore's Federal Practice ¶ 0.160, at 182. *See Gully v. First National Bank*, 299 U.S. 109, 111–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (Cardozo, J.);

manifested in a formal expression of state law.[3]

It is evident Diaz has not met the second requirement of section 1443 removal jurisdiction. He simply does not claim that his alleged inability to enforce in the New York state courts whatever federal rights he may have results from a "pervasive and explicit" formal manifestation of state law.[4] Rather Diaz' complaint about the state court proceeding is twofold. He asserts that he will not be permitted to raise there either his federal or his state law claims of alleged discrimination and further that he will not be permitted to conduct the pretrial discovery necessary to make out his case.

Even were these contentions sufficient to meet the test of section 1443, they are clearly incorrect. Diaz does not contend that any statute or even any case law precludes his raising these matters as a defense or counterclaim in the state court action but only that "research has disclosed no . . authority . . . permitting a tenant to raise such a defense as a matter of right." However, the applicable provision of New York's Real Property Actions and Proceedings Law ("RPAPL") states expressly that the answer to a petition in a summary proceeding to recover possession of real property "may contain *any* legal or equitable defense or counterclaim" (emphasis added).[5]

■ There is also no merit to the claim that discovery is not available to a defendant in a summary proceeding to recover possession of real property in New York's Civil Court. The New York City Civil Court Act, section 1101(a), makes the disclosure provisions of New York's C.P.L.R. applicable to Civil Court proceedings. Under the C.P.L.R., discovery is available in summary or special proceedings with leave of court.[6] Accordingly, there is no basis, let alone a solid basis, for the firm prediction required for section 1443(1) removal that Diaz would be unable to enforce his asserted federal rights in the state court. Removal cannot be predicated upon that statute. In light of the foregoing, it is clear that this action was removed improvidently and without jurisdiction.

Moreover, to uphold Diaz' position would, in effect, mean that any state landlord and tenant proceeding involving commercial property, upon a tenant's petition for removal charging racial discrimination, could be transferred to the federal courts, thereby opening the floodgates to adjudicate local landlord and tenant controversies. This hardly seems to have been the contemplation of those who espoused the Civil Rights Act of 1871.

Plaintiff/respondent's motion to remand this case to the state court is granted.

So ordered.

---

Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918).

3. *Johnson v. Mississippi*, 421 U.S. 213, 219–22, 95 S.Ct. 1591 (1975); *Georgia v. Rachel*, 384 U.S. 780, 803–04, 86 S.Ct. 1783, 1796, 16 L.Ed.2d 925 (1966); *Greenwood v. Peacock*, 384 U.S. 808, 827–28, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); *State v. Davis*, 411 F.2d 750, 752 (2d Cir.), *cert. denied*, 396 U.S. 856, 90 S.Ct. 119, 24 L.Ed.2d 105 (1969); *New York v. Kakawana*, 407 F.Supp. 411 (W.D.N.Y.1976); *Bar Ass'n of Baltimore v. Posner*, 391 F.Supp. 76 (D.Md.1975). *See generally* 14 C. Wright & A. Miller, *supra*, § 3728.

4. *Greenwood v. Peacock, supra*, 384 U.S. at 828, 86 S.Ct. at 1812.

5. N.Y. RPAPL § 743 (McKinney's 1979). *See Laub v. Genway Corp.*, 60 F.R.D. 462, 467 n.1 (S.D.N.Y.1973) (Gurfein, J.); *Jones v. Reilly*, 174 N.Y. 97, 66 N.E. 649 (1903); *Dimou v. Cusanelli*, 69 Misc.2d 592, 330 N.Y.S.2d 484 (Civ.Ct.1972).

6. N.Y. C.P.L.R. 408. *See Atkinson v. Trehan*, 70 Misc.2d 612, 334 N.Y.S.2d 291 (Civ.Ct.1972).