Edward C. **FREEMAN**

v.

**COLONIAL LIQUORS, INC.**

**Civ. A. No. M–80–2136.**

United States District Court,
D. Maryland.

Nov. 25, 1980.

Edward S. Digges, and Christopher C. Henderson, LaPlata, Md., for plaintiff.

E. Gwinn Miller, Towson, Md. and Stephen P. Fitzgerald, LaPlata, Md., for defendant.

JAMES R. MILLER, Jr., District Judge.

## MEMORANDUM AND ORDER

This case was filed originally as an action of replevin in the District Court of Maryland for Charles County. Pursuant to 28 U.S.C. § 1441(b), defendant removed the action to this court (Paper No. 1). Plaintiff has filed a motion to remand (Paper No. 10), and defendant has filed an opposition (Paper No. 11). The court having concluded that a hearing is unnecessary, the matter will be determined upon the materials of record. Local Rule 6(E).

The complaint filed in state court alleges that defendant has wrongfully detained certain items of personal property belonging to plaintiff (Paper No. 4). In its petition for removal, defendant contends that plaintiff's claim actually arises under federal law because the property at issue was purchased by defendant at a tax sale conducted by the Internal Revenue Service (Paper No. 1, at ¶ 6). Thus, defendant asserts that plaintiff's purported replevin action is essentially an attempt to set aside a federal tax sale, and that such an action falls within the exclusive jurisdiction of the federal courts (Paper No. 11, at 4). Defendant also contends that any state law claim to the property that plaintiff might otherwise have has been preempted due to the involvement of the federal tax laws regarding property subject to levy and sale. See 26 U.S.C. §§ 7403, 7426.

Whether removal was proper under 28 U.S.C. § 1441(b) hinges upon defendant's assertion that plaintiff's claim "arises under" federal law and that, therefore, this court had original jurisdiction under 28 U.S.C. § 1331(a). See First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843, 849 (8th Cir.1980). In a case removed on the ground that plaintiff's claim arises under federal law, the basis of federal jurisdiction generally must appear

on the face of plaintiff's complaint, without reference to the removal petition or any other subsequent pleadings. *E. g., Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–1004, 39 L.Ed.2d 209 (1974); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *In Re Carter*, 618 F.2d 1093, 1100–01 (5th Cir.1980); *Little Ferry Associates v. Diaz*, 484 F.Supp. 890, 891 (S.D.N.Y.1980). Although the court may look beyond the plain language of the complaint to determine the substance of the plaintiff's grievance, *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir.1978); *Burgess v. Charlottesville Savings & Loan Association*, 477 F.2d 40, 43 (4th Cir.1973), absent "a fraudulent purpose to defeat removal" a plaintiff is entitled to allege only nonfederal claims, even though he could have relied also on federal law. *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918). *See Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 662, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); *Long Island R. Co. v. United Transportation Union*, 484 F.Supp. 1290, 1291–92 (S.D.N.Y.1980); *1A Moore's Federal Practice* ¶ 0.160, at 185 (1979).

■ The instant complaint contains allegations only as to a state law replevin action. Such a cause of action is neither dependent upon a federal right nor is federal law an essential element of a replevin claim. Further, defendant does not contend that the complaint is not well–pleaded under state law. Nevertheless, defendant urges this court to disregard plaintiff's own statement of his claim and recast the issues in a federal light. Under the circumstances of this case, such reframing of the issues would contravene the well established principle that the removal statute is to be construed strictly, and that the exercise of federal jurisdiction is to be rejected in doubtful cases. *See, e. g., Croy v. Buckeye International, Inc.*, 483 F.Supp. 402, 405 (D.Md.1979); *Irving Trust Co. v. Century Export & Import, S. A.*, 464 F.Supp. 1232, 1236 (S.D.N.Y.1979). *See also Rairigh v. Erlbeck*, 488 F.Supp. 865, 868 (D.Md.1980).

The reason underlying this approach to removal in alleged federal question cases was articulated in *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Finding that it was Congress' intent to restrict removal jurisdiction, Mr. Justice Stone commented:

> "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."

313 U.S. at 109, *quoting Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). *See also American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951).

■ That defendant may ultimately defeat plaintiff's state law action by asserting the validity of the tax sale does not thereby convert plaintiff's claim to one involving a federal question. Further, although there is authority to the contrary, *see, e. g., Bailey v. First Federal Savings & Loan Association of Ottawa*, 467 F.Supp. 1139, 1141 (N.D.Ill.1979); *State of New York v. Local 144, Hotel Nursing Home and Allied Health Services Union*, 410 F.Supp. 225, 228–29 (S.D.N.Y.1976); *Rettig v. Arlington Heights Federal Savings & Loan Association*, 405 F.Supp. 819, 823–24 (N.D.Ill.1975), the better view holds that although a state law claim may be preempted by federal law, the preemption is simply a defense and does not provide a basis for removal jurisdiction. *See, e. g., First National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d at 851–53; *Long Island R. Co. v. United Transportation Union*, 484 F.Supp. at 1293; *Eure v. NVF Co.*, 481 F.Supp. 639, 643–44 (E.D.N.C.1979); *Glendale Federal Savings & Loan Association v. Fox*, 481 F.Supp. 616, 625 (C.D.Cal.1979).

Finally, based on the materials of record, it cannot be said that federal law is the exclusive source of plaintiff's rights, even though the complaint is couched in terms of state law, *see Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 560–61, 88 S.Ct. 1235,

1237–1238, 20 L.Ed.2d 126 (1968), so as to justify an exception to the above mentioned principles.

If plaintiff's state law claim should be defeated by the fact of the tax sale, or if the federal internal revenue laws preempt plaintiff's assertion of a state law replevin claim, this court is confident that the state court will enter the appropriate order. In any event, federal review of defendant's allegedly federal defenses is available ultimately through Supreme Court review of the final state court disposition. 28 U.S.C. § 1257.

Accordingly, it is this 25th day of November, 1980, ORDERED:

1. Plaintiff's motion to remand is GRANTED.

2. This case is hereby REMANDED to the District Court of Maryland for Charles County.

3. Defendant shall pay the costs in this court.

4. The Clerk is instructed to forward a copy of this Memorandum and Order to counsel for the parties.