**PROMINENCE REALTY CORP.,
Plaintiff/Respondent,**

v.

**MAL RESTAURANT, INC.,
Defendant/Petitioner.**

**No. 82 Civ. 2078 (JES).**

United States District Court,
S. D. New York.

May 18, 1982.

Sidamon-Eristoff, Morrison, Warren, Ecker & Schwartz, New York City, for plaintiff/respondent; Michael A. Schwartz, New York City, of counsel.

David Rozenholc, New York City, for defendant/petitioner; Kenneth Schwarz, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff-respondent, Prominence Realty Corp. ("Prominence") commenced a summary proceeding pursuant to Article 7 of the New York Real Property Actions & Proceedings Law[1] in the Civil Court of the City of New York, County of New York, seeking to evict defendant-petitioner, Mal Restaurant, Inc. ("Mal"), a commercial tenant, for non-payment of rent. Mal filed a

---

1. N.Y. RPAPL §§ 701 et seq. (McKinney 1979).

timely verified petition for removal. Prominence moved for an order remanding the action to the state court on the ground that removal was improper. 28 U.S.C. § 1447(c).

Mal claims that the action is properly removable pursuant to 28 U.S.C. §§ 1441(b)[2] and 1443[3] because Prominence allegedly seeks to evict it in violation of its constitutional rights. More particularly, Mal maintains that Prominence, acting in concert with the City of New York, seeks to evict it because it does not approve of Mal's business activities, to wit, the ownership and management of a topless bar which features entertainment, including dancing and recorded music, which activities Mal alleges are protected by the first and fourteenth amendments to the constitution.

Mal's reliance on section 1441(b) is misplaced. That statute provides for removal of any civil action founded on a federal question over which the district courts would have had original jurisdiction. It is well settled that, to warrant removal pursuant to that statute, the federal question must be an essential element of plaintiff's cause of action and must appear from the face of the complaint without reference to the answer or petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Little Ferry Associates v. Diaz*, 484 F.Supp. 890, 891 (S.D.N.Y. 1980). There clearly is no federal question raised by Prominence's petition to evict Mal for non-payment of rent.[4] Therefore, removal jurisdiction cannot be sustained pursuant to 28 U.S.C. § 1441(b).

Similarly, Mal's claim that removal jurisdiction can be premised on 28 U.S.C. § 1443 must be rejected. In *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975), the Supreme Court indicated that a removal petition under section 1443(1) must satisfy a two-pronged test. First, the right denied the removal petitioner must arise under a federal law providing for specific civil rights stated in terms of racial equality. It is not sufficient that a removal petitioner claims that constitutional or statutory provisions of general applicability or statutes not protecting against racial discrimination will be violated. 421 U.S. at 219, 95 S.Ct. at 1595. Second, the petitioner for removal must be denied or unable to enforce the specified federal rights in the state courts. *Id.* Mal has failed to meet the first requirement because

**2.** 28 U.S.C. § 1441(b) (1976) provides:
Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**3.** 28 U.S.C. § 1443 (1976) provides:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

**4.** Mal's reliance on *Sweeney v. Abramovitz*, 449 F.Supp. 213 (D.Conn.1978) is misplaced. In *Sweeney*, the plaintiff was a police officer who had previously arrested defendant and who had been sued by defendant in federal court for violation of defendant's civil rights pursuant to 42 U.S.C. § 1983. After the police officer prevailed in the federal court action, he commenced an action in state court for malicious prosecution claiming that defendant had no probable cause to bring the action under 42 U.S.C. § 1983. Defendant removed to federal court and plaintiff moved to remand. The court held that, although plaintiff's complaint never mentioned federal law, the case was properly removed since the meaning of 42 U.S.C. § 1983 and its application were essential elements of plaintiff's claim. In the instant action it cannot be said that plaintiff's claim for non-payment of rent presents a pivotal question of federal law.

the rights assertedly being denied do not arise under a federal law providing for specific civil rights stated in terms of racial equality. Nor may subsection (2) of section 1443 be relied upon to sustain removal jurisdiction since that subsection is available only to federal officers and to persons assisting them in the performance of their official duties. *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966).

*Hosey v. Club Van Cortlandt*, 299 F.Supp. 501 (S.D.N.Y.1969), relied upon by defendant, is inapposite. *Hosey* was not a situation in which plaintiff sought to remove an action for eviction for non-payment of rent to the federal courts. Rather, it was an action brought *in the federal court* to enjoin the defendant from seeking to evict plaintiff on the ground that the eviction was designed to penalize plaintiff for the exercise of his constitutional rights. Plaintiff's federal claim, therefore, appeared on the face of his complaint. It follows that respondent's motion to remand this action to the state court must be granted. Respondent's motion for costs and disbursements incurred by reason of the removal proceedings is denied. Each party shall bear its own costs and disbursements.

SO ORDERED.