The VILLAGE OF PORT CHESTER,
Plaintiff-Respondent,

v.

PORT CHESTER YACHT CLUB, INC.,
Fox Island Road, Port Chester, New
York, Defendant-Petitioner.

No. 84 Civ. 7773 (PKL).

United States District Court,
S.D. New York.

Nov. 21, 1984.

James L. Fischer, Wilson, Elser, Edelman & Dicker, New York City, for plaintiff-respondent.

Monroe Yale Mann, Port Chester, N.Y., for defendant-petitioner.

## MEMORANDUM AND ORDER

LEISURE, District Judge:

Plaintiff-respondent, Village of Port Chester (the "Village") commenced a summary proceeding pursuant to Article 7 of the New York Real Property Actions and Proceedings Law ("RPAPL") in the Town of Rye Justice Court, County of Westchester seeking to evict defendant-petitioner Port Chester Yacht Club, Inc. (the "Yacht Club") from four acres of land adjacent to Long Island Sound in the village of Port Chester (hereinafter *Village v. Club*). The Village alleges as grounds for the eviction that a lease agreement between the parties dated April 12, 1975 is illegal, void and of no effect; that the Yacht Club is a mere licensee whose license has been revoked; and that the Yacht Club has refused to vacate the property after receiving a notice dated October 9, 1984 that the Village had revoked its consent to occupy the premises. On October 26, 1984 the Yacht Club timely removed the action to this Court and the Village now moves for an order remanding the action to the state court on the ground that removal was improper. 28 U.S.C. § 1447(c).

On October 18, 1984 the Yacht Club commenced an action in this Court entitled *Port Chester Yacht Club, Inc. v. Peter Iasillo, et al.,* (84 Civ. 7529) against the Village and its Mayor, Trustees, Manager, Corporation Counsel and Attorney in their official and individual capacities (hereinafter *Club v. Iasillo*). The complaint, which seeks injunctive relief and damages, asserts jurisdiction pursuant to, *inter alia,* 42 U.S.C. § 1983 alleging a conspiracy among the Village and its officials to deny the Yacht Club various civil and constitutional rights in connection with a proposed land development plan. *Club v. Iasillo* was commenced with the intent of obtaining an injunction against bringing this action.

The Yacht Club claims the *Village v. Club* action was removed properly from the Town of Rye Justice Court pursuant to 28 U.S.C. §§ 1441(b), 1442(a)(1) and 1443(1). More specifically, the Yacht Club argues that removal was proper because the civil rights and constitutional due process violations alleged in *Club v. Iasillo* permeate and affect *Village v. Club;* that by bringing *Village v. Club* the Village seeks to deprive this Court of jurisdiction in *Club v. Iasillo;* that both actions involve the same facts, parties and issues; that the Village can assert its rights to the premises by way of affirmative defenses or counterclaims in *Club v. Iasillo;* that the two actions should be consolidated; and that because the lease agreement requires the Yacht Club to make the property available to the United States Coast Guard and the

United States Coast Guard Auxiliary (the "Coast Guard and the Auxiliary"), that an officer or agency of the United States is a party to *Village v. Club*.

The Yacht Club's reliance upon 28 U.S.C. § 1441(b) is misplaced. That statute provides for removal of any civil action which could have been brought originally under federal question jurisdiction. Removal pursuant to 28 U.S.C. § 1441(b) is proper if the federal question is an essential element of plaintiff's cause of action and the federal question appears from the face of the complaint without reference to the answer or petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Prominence Realty Corp. v. Mal Restaurant, Inc.*, 538 F.Supp. 1180, 1182 (S.D.N.Y.1982); *Little Ferry Associates v. Diaz*, 484 F.Supp. 890, 891 (S.D.N.Y.1980) (Weinfeld, J.). No federal question is raised on the face of the Village's petition to evict the Yacht Club. Without considering the merits of the civil rights and due process claims made by the Yacht Club, it is clear that they are not raised on the face of the Village's petition in *Village v. Club*. If such claims can be asserted, they must arise by way of defense or counterclaim. Accordingly, removal based on § 1441(b) was improper.

The Yacht Club's claim that removal jurisdiction can be based upon 28 U.S.C. § 1443(1) must likewise be rejected. Removal thereunder must satisfy a two pronged test. First, the right denied the removal petitioner must arise under federal law providing specific civil rights stated in terms of racial equality. Second, the removal petitioner must be denied or unable to enforce the specified federal rights in the state courts. *Johnson v. Mississippi*, 421 U.S. 213, 219–22, 95 S.Ct. 1591, 1595–97, 44 L.Ed.2d 121 (1975). There must be a solid basis for predicting that the Yacht Club's civil rights will be denied in the

state court. *Little Ferry Associates, supra*, at 891. This second prong is fulfilled if the denial of federal rights is manifested in a formal expression of state law. The Yacht Club has not met either requirement of § 1443(1). First, it does not allege denial of a right stated in terms of racial equality. *Prominence Realty Corp., supra*, at 1182. Second, the Yacht Club does not claim that its alleged inability to enforce its federal rights in the New York state courts results from a pervasive and explicit formal manifestation of state law. *City of Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966). Instead, the Yacht Club asserts that one of the two Justices of the Peace of the Town of Rye Justice Court has an interest in the proposed land development and that the Justice Court does not employ court stenographers and therefore the Yacht Club may not have an accurate record on which to base an appeal.[1] These contentions are not sufficient to meet the test of § 1443(1). Neither illegal nor corrupt acts of state officials nor the mere possibility of an unfair trial in state court will justify removal to a federal court. *City of Greenwood, supra*, at 827–28, 86 S.Ct. at 1812–13.

The Yacht Club's reliance on 28 U.S.C. § 1442(a)(1) is not warranted in this case. That section provides for removal of any civil action commenced in state court against any officer of the United States or any agency thereof for any act under color of such office. No officer of the United States or any agency thereof is a party to *Village v. Club*. Even if the Coast Guard and the Auxiliary were deemed parties because the lease agreement permits them access to the property, the summary proceeding would not be removable. The purpose of § 1442(a)(1) is to prevent federal officers or persons acting under their direction from being tried in state courts for acts done within the scope of their employment. *Willingham v. Morgan*, 395 U.S.

---

**1.** During oral argument on the remand motion, counsel for the Village represented that the purportedly interested Justice had recused himself from the matter. Furthermore, counsel for the Village indicated that he would consent to the Yacht Club's request for the presence of its own stenographer during the proceedings.

**666**

402, 406–07, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); *Peterson v. Blue Cross/Blue Shield,* 508 F.2d 55, 58 (5th Cir.), *cert. denied,* 422 U.S. 1043, 95 S.Ct. 2657, 45 L.Ed.2d 694 (1975). The summary proceeding does not purport to subject a federal officer or agency to a liability or penalty, consequently it is not an action "against" a federal officer or agency within the purview of § 1442(a)(1). *See West v. West,* 402 F.Supp. 1189, 1191 (N.D.Ga.1975); *Mayberry v. Peninsula Psychiatric Hospitals, Inc.,* 470 F.Supp. 1268, 1269 (E.D.Tenn. 1979). Furthermore, the lawsuit does not involve an act by an officer of the Coast Guard or the Coast Guard under color of such office. While the petition may affect the right of the Coast Guard and the Auxiliary to use the premises, it does not relate to their actual use of the property. *National Audubon Society v. Dep't of Water & Power,* 496 F.Supp. 499, 505 (E.D.Cal. 1980). Because this relationship to the action provides a doubtful basis for removal the action should be remanded. *Lance International, Inc. v. Aetna Casualty & Surety Co.,* 264 F.Supp. 349 (S.D.N.Y.1967) (Mansfield, J.).

The Yacht Club has also argued that this Court can dismiss *Village v. Club* because the state court did not have jurisdiction over *Village v. Club.* This argument assumes that the Village will not prevail under RPAPL § 713 but it is erroneous because it addresses the merits of the action and not whether the Justice Court has subject matter jurisdiction. *See* RPAPL § 701.

The Yacht Club argues further that in any event the state court action should be enjoined until the federal action is concluded. Although the federal anti-injunction statute, 28 U.S.C. § 2283, does not bar a federal court from enjoining a pending state court proceeding when a § 1983 violation is at issue, such drastic relief is proper only if it is "essential to prevent great, immediate, and irreparable loss of a person's constitutional rights". *Mitchum v. Foster,* 407 U.S. 225, 242–43, 92 S.Ct. 2151, 2161–63, 32 L.Ed.2d 705 (1972).

Based upon the record presently before the Court, it is apparent that none of these conditions is present or threatened and therefore issuance of such an injunction is not warranted.

Based upon the foregoing, the motion to remand the case to the state court should be granted. Respondent's motion for costs and disbursements incurred by reason of the removal proceeding is denied. Each party shall bear its own costs and disbursements.

SO ORDERED.