**PORT CHESTER YACHT CLUB, INC., Plaintiff,**

v.

**Peter IASILLO, individually and as Mayor of the Village of Port Chester, John Branca, Brian McMahon, Nicholas Fusco, Carmen Talia, Gary Gianfranco, and Raymond Hellman, individually and as Members of the Board of Trustees of the Village of Port Chester, the Village of Port Chester, Michael Ritchie, individually and as Village Manager of the Village of Port Chester, Sam Lerner, individually and as Corporation Counsel of the Village of Port Chester, and George O'Hanlon, individually and as Village Attorney of the Village of Port Chester, Defendants.**

**No. 84 Civ. 7529 (PKL).**

United States District Court, S.D. New York.

July 23, 1985.

Monroe Yale Mann, Port Chester, N.Y., for plaintiff.

Wilson, Elser, Edelman & Dicker, New York City, for defendants; James L. Fischer, John S. Diaconis, Thomas A. Leghorn, New York City, of counsel.

LEISURE, District Judge:

Plaintiff, the Port Chester Yacht Club, Inc. (hereinafter the "Yacht Club") commenced this action (*Club v. Iasillo*) in federal court against the Village of Port Chester (hereinafter the "Village"), its Mayor, Trustees, Manager, Corporation Counsel and Attorney in their official and individual capacities, seeking injunctive and monetary relief. The Yacht Club alleges that defendants deprived it of certain civil rights secured under the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986. The complaint also alleges pendent state tort and breach of contract claims against the defendants. Jurisdiction is based on both federal question jurisdiction 28 U.S.C. § 1331, and civil rights jurisdiction, 28 U.S.C. § 1343.[1]

This is the Yacht Club's second attempt to litigate in federal court its objections to the Village's Harbor Redevelopment Plan (hereinafter the "Plan"). Previously, in *Village of Port Chester v. Port Chester*

---

**1.** Additionally, the Yacht Club asserts jurisdiction based on 28 U.S.C. § 1333 (admiralty and maritime cases) and 33 U.S.C. §§ 1, 403, 404 (navigable waters). I see no basis for these assertions and do not rely on these statutes for jurisdiction.

*Yacht Club, Inc.*, 598 F.Supp. 663 (S.D.N. Y.1984) (*Village v. Club*), the Yacht Club unsuccessfully tried to remove to federal court a state summary proceeding action. The underlying facts and dispute of both *Village v. Club* and *Club v. Iasillo* are ostensibly the same.

FACTUAL BACKGROUND

The Yacht Club was incorporated in 1938 under N.Y. State's Membership Corporation Law and has leased from the Village four acres of land adjacent to Long Island Sound in the Village of Port Chester for approximately fifty-five years. During this time the Club made numerous capital improvements on the property, including the construction of buildings and a launching ramp, installation of a retaining wall and driving piles, and dredging a portion of Port Chester harbor. Since 1975, the Yacht Club has occupied the property pursuant to a lease that is due to expire by its terms in 1995.

In May 1981, the Village's Board of Trustees commissioned the preparation of an Urban Renewal Plan for the Harbor Redevelopment Area. The area of the redevelopment plan includes the property leased to the Yacht Club. Between May 1981 and March 1983, the Village conducted studies to investigate the Plan's impact on the Village and its inhabitants. In addition, the Village conducted several public hearings in which residents, including members of the Yacht Club, expressed their opposition to the Plan. Nevertheless, the Board of Trustees adopted the Plan at a public hearing in March 1983.

On October 26, 1984, one week after the commencement of *Club v. Iasillo*, the Village commenced a summary eviction proceeding (*Village v. Club*) in the Town of Rye Justice Court, County of Westchester pursuant to Article 7 of the New York Real Property Actions and Proceedings Law, seeking to evict the Yacht Club from the property. The Village alleges as a grounds for eviction that the lease agreement, dated April 12, 1979[2], is illegal, void and of no effect; that the Yacht Club is a mere licensee whose license has been revoked; and that the Yacht Club has refused to vacate the property after receiving a notice dated October 9, 1984 that the Village had revoked its consent to occupy the premises. *Village of Port Chester v. Port Chester Yacht Club, Inc.*, 598 F.Supp. at 664. Furthermore, the Village contends that even if the lease is valid, the Village still has a right to the property under its power of eminent domain.

The Yacht Club maintains, *inter alia*, that the lease is valid and the Village has no right to exercise its eminent domain power because the redevelopment plan is really a private, not a public use.[3] The Yacht Club timely removed *Village v. Club* to this court hoping to consolidate *Village v. Club* and *Club v. Iasillo* into one judicial proceeding. This request was refused and *Village v. Club* was remanded to state court where it is presently being litigated. 598 F.Supp. at 666.

The Village has moved to dismiss the remaining action, *Club v. Iasillo*, pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 56 for summary judgment. Each side has submitted affidavits, legal memoranda and other documents supporting their respective positions. Discovery has not been conducted. Due to the numerous factual disputes, defendant's request for summary judgement is denied. However, based on the papers submitted, the constitutional and civil rights claims alleged in counts I, II and III are dismissed without prejudice, for failure to state claims upon which relief may be granted, and the pendent state tort and breach of contract claims alleged in counts IV through X are dismissed for lack of subject matter jurisdiction.

---

**2.** Although the lease is dated April 1979, the lease term began in 1975.

**3.** The government can exercise its eminent domain powers only to appropriate property for public and not private use.

## DISCUSSION

On a defendant's motion to dismiss a complaint pursuant to Rule 12(b)(6), the court must accept the allegations of the complaint as true and should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Weise v. Syracuse University*, 522 F.2d 397 (2d Cir.1975) (applying principle to suit brought pursuant to §§ 1983, 1985).

■ The Yacht Club's alleged deprivation of its First and Fourth Amendment rights are unsupported in the complaint and accompanying affidavits and therefore are dismissed. However, the complaint does discuss in broad language that the Yacht Club was deprived of its rights secured by the Fifth Amendment of the Constitution.[4] Apparently, the Yacht Club is claiming that it is being deprived of its property without due process of law and without just compensation. Since the property interest protected by the Fifth Amendment applies to the States through the Fourteenth Amendment, *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980), *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 122, 98 S.Ct. 2646, 2658, 57 L.Ed.2d 631 (1978), *Chicago B. & Q. Railroad Co. v. Chicago*, 166 U.S. 226, 239, 17 S.Ct. 581, 585, 41 L.Ed. 979 (1897), the Yacht Club asserts that the complaint states a cause of action under § 1983.

■ In this case, plaintiff must show three elements to support a claim of an unconstitutional taking in violation of the Fourteenth Amendment and § 1983: (1) a property interest (2) that has been taken under the color of state law (3) without due process or just compensation. *See Parratt v. Taylor*, 451 U.S. 527, 535–37, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Kohlasch v. New York State Thruway Authority*, 460 F.Supp. 956, 960 (S.D.N.Y.1978) (Weinfeld, J.). The first two requirements are met in this case. Unquestionably, the Village is acting under the color of state law, and for the purposes of this motion the Club's allegations of possessing a valid property interest must be deemed true. However, the Yacht Club's claim must fail as a matter of law because there has not been any violation of a federally protected right.

■ Not every deprivation of property is a constitutional violation. Only when an individual has been deprived of property without due process of law has he been injured in a constitutional sense. *Miller & Son Paving, Inc. v. Wrightstown Township Civic Ass'n.*, 443 F.Supp. 1268, 1272 (E.D.Pa.1978), *aff'd*, 595 F.2d 1213 (3d Cir. 1979), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). The complaint fails to state anywhere that the Village has taken the Club's property without due process of law. No factual determination has been made as to who owns the property nor has any of the Club's property actually been taken by the Village. The simple approval of a redevelopment plan can not be considered a deprivation of the Yacht Club's constitutional rights.[5]

In addition, the complaint does not contend that the procedures used by New York State to resolve such a dispute are unconstitutional. In fact, the Yacht Club, in order to insure that it receives the prop-

---

**4.** The Fifth Amendment states in relevant part "No person shall be ... deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation." U.S. Const. amend V.

**5.** This is not to say that the Yacht Club must wait until it is phsically evicted, before it can claim that it has been deprived of its property without due process of law or just compensa-

tion. New York courts have held that to claim such an injury a condemnee must show merely evidence of "physical entry by the condemnor [or], a physical ouster of the owner [or], a legal interference with the physical use, possession or enjoyment of the property or a legal interference with the owner's power of disposition of the property." *City of Buffalo v. J.W. Clement Co.*, 28 N.Y.2d 241, 253, 321 N.Y.S.2d 345, 357, 269 N.E.2d 895, 903 (1971).

er due process should avail itself of these procedures. Judge Weinfeld has stated "that the bypassing of an adequate state remedy renders the complaint subject to dismissal for failure to state a constitutional violation." *Kohlasch,* 460 F.Supp. at 960 (citing *O'Grady v. City of Montpelier,* 573 F.2d 747, 751–52 (2d Cir.1978) ).[6] In *Kohlasch,* plaintiffs, the owners and a lessee of real property, sought damages and permanent injunctive relief from the defendant, New York State Thruway Authority, for injuries resulting from the discharge onto plaintiffs' property of oil, sand, debris and chemicals from a drain constructed by the defendant on adjacent lands. Plaintiffs claimed that defendants deprived them of their property without just compensation in violation of the Fourteenth Amendment of the Constitution of the United States. The Thruway Authority moved to dismiss on grounds of failure to state a claim upon which relief may be granted. Judge Wienfeld stated, *inter alia,* that the complaint failed to state a claim for an unconstitutional taking of the plaintiffs' property because the plaintiffs made no attempt to avail themselves of the adequate state procedures for compensation following a *de facto* appropriation. Similarly, the Yacht Club has also made no attempt to take advantage of the adequate state procedures in order to challenge the Village's redevelopment plan. The Yacht Club has not even commenced suit in state court pursuant to Article 78 of the New York Civil Practice Law and Rules (CPLR) or any other statute to assert its property rights.[7] Nevertheless, the Yacht Club still has an opportunity to assert its claim and challenge the proposed plan in the pending state action of *Village v. Club,*[8] where the Yacht Club is in a position to obtain complete relief. If, after pursuing state remedial possibilities, the Yacht Club still believes that its property has been taken without due process of law, it then may assert a § 1983 constitutional claim in federal court.

■ In addition, plaintiff's §§ 1985 and 1986 claims also fail to state a claim upon which relief may be granted. To state a claim under § 1985(3), the following must be shown: (1) a conspiracy by the defendants; (2) designed to deprive plaintiff of the equal protection of the laws; (3) the commission of an overt act in furtherance of that conspiracy; (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and (5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminating animus. *Carter v. Cuyler,* 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) ). For the purposes of this motion, I assume that the Yacht Club is considered a class, and that defendants conspired and acted in furtherance of that conspiracy to deprive the plaintiff of its guaranteed rights. However, based on the above reasoning, there is no evidence to support a claim that the Yacht Club was actually deprived of any federally guaranteed right.

■ Moreover, 42 U.S.C. § 1986 is derivative of § 1985 and provides a remedy for persons injured by neglect or refusal of those having power to prevent the wrongs specified in § 1985, but failed to do so. Therefore, if conduct alleged under 42

---

**6.** In cases where federal jurisdiction has been exercised absent prior state proceedings, *see e.g. Archer Gardens, Ltd. v. Brooklyn Center. Dev. Corp.,* 468 F.Supp. 609, 614 (S.D.N.Y.1979), plaintiffs were able to show that they had suffered some form of Fourteenth Amendment injury. However, the Yacht Club has failed to pass this threshold requirement, because as discussed above, the plaintiff failed to allege any deprivation of a constitutional right.

**7.** New York State law affords a condemnee due process in an eminent domain proceeding. *See*

N.Y. Eminent Domain Law § 101 (purpose); § 201 (requirement of a hearing); § 202 (requirement of notice); § 207 (judicial review); § 301 (requirement of just compensation) (McKinney 1979); *Kohlasch v. New York State Thruway Authority,* 482 F.Supp. 721, 723 n. 9 (S.D.N.Y.1980).

**8.** The Yacht Club, pursuant to Article 7 of the RPAPL, is allowed to assert affirmative defenses and counterclaims. *See* N.Y. Real Prop.Acts. 743 (answer) (McKinney 1979).

U.S.C. § 1985 fails to state a claim, it also fails to state a claim under 42 U.S.C. § 1986. *Martin Hodas, East Coast Cinematics, Inc. v. Lindsay,* 431 F.Supp. 637, 645 (S.D.N.Y.1977).

 The Yacht Club urges the Court to exercise its pendent jurisdiction over the seven state law claims (counts IV–X), on the theory that both these and the constitutional claims arise "from a common nucleus of operative facts." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, since the federal claims are dismissed, the state claims are also dismissed for lack of subject matter jurisdiction.

Based on the foregoing, the Yacht Club's §§ 1983, 1985 and 1986 claims are dismissed.[9] The defendants' motion for costs and disbursements is denied. Each party shall bear its own costs and disbursements.

SO ORDERED.

Thomas P. Gies, Crowell & Moring, Washington, D.C., for plaintiff.

Barry R. Smith, Miller, Johnson & Cummiskey, Grand Rapids, Mich., for defendant.

---

9. Plaintiff requested leave to file an amended complaint. However, at this time, based on the findings of this opinion, I see no reason to grant this request.