■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. NEPTUNE ASSOCIATES, INC., Appellant.—In a condemnation proceeding pursuant to EDPL article 4, the condemnee appeals, as limited by its brief, from

so much of an order of the Supreme Court, Kings County (Leone, J.), dated April 1, 1987, as granted the condemnor's petition and denied the condemnee's application for leave to amend its answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In late 1983 the Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) attempted to reach an agreement with Neptune Associates, Inc. (hereinafter Neptune) concerning the purchase of an approximately 3½-acre parcel of land owned by Neptune located in the Coney Island section of the Borough of Brooklyn. Neptune, however, refused to consider sale of the property and sought instead to negotiate a long-term lease agreement with Con Ed. In May 1984 and again in August 1986 Con Ed requested various documents and other information from Neptune for the purposes of preparing an appraisal of the subject property, but the information was not supplied. By letter dated January 17, 1986, Con Ed notified Neptune that it planned to acquire the subject parcel through condemnation, along with the adjoining parcel of another landowner, for the purpose of building a new operations center which would service the electrical power needs of its customers in the surrounding communities. Public hearings were held pursuant to EDPL article 2 in February 1986 and the determination of the Hearing Officer approving acquisition was confirmed by this court (Matter of Neptune Assocs. v Consolidated Edison Co., 125 AD2d 473).

Thereafter, Con Ed commenced the instant proceeding pursuant to EDPL 402 (B) to acquire title to the subject property. Neptune interposed an answer alleging as an affirmative defense to the vesting of title that Con Ed failed to comply with the good-faith negotiation provisions embodied in EDPL article 3. Neptune subsequently sought leave to amend its answer to enlarge this defense and to add a counterclaim seeking a declaratory judgment. Specifically, Neptune sought to interpose a claim that (1) "petitioner has failed to bargain in good faith as provided by Article 3 of the EDPL prior to the instituting of the proceeding under Article 2 [of the] EDPL", and (2) "compliance with article 3 of the EDPL is a constitutional prerequisite to the acquisition of the respondent's property pursuant to article 4 of the EDPL". Neptune additionally sought a judgment declaring that EDPL article 2, as applied to "private-for-profit" entities, does not comport with due process.

Under the circumstances, the insufficiency of the proposed

amendments is clear and leave was properly denied. Although leave to amend a pleading should be freely granted absent a showing of prejudice to the opposing party (see, CPLR 3025 [b]), where, as here the proposed amendments are totally devoid of merit and are legally insufficient, leave is properly denied (see, Goldstein v Barco of Cal., 109 AD2d 817, 818; Barnes v County of Nassau, 108 AD2d 50, 55; Norman v Ferrara, 107 AD2d 739).

Inasmuch as the EDPL contains no requirement that the condemnor negotiate with and make an offer of compensation to the property owner prior to the commencement of the public hearings pursuant to EDPL article 2 (see, EDPL 301-303), the court properly concluded that Neptune's proposed affirmative defense to that effect was ineffectual. Moreover, Con Ed's willingness to negotiate with Neptune in good faith prior to its resort to condemnation is amply demonstrated by the record.

Turning to the second proposed affirmative defense, the clear language of EDPL 301 and 303 does not set forth an absolute requirement that just compensation be paid the property owner prior to the commencement of the EDPL article 4 acquisition proceeding. EDPL 303 simply requires the condemnor, "[w]herever practicable," to make an offer of compensation prior to actually acquiring title to the property. Con Ed's repeated requests for information demonstrate that it made "every reasonable and expeditious effort to justly compensate" Neptune for the property "by negotiation and agreement" (EDPL 301, 303) prior to commencement of the EDPL article 4 proceeding. Neptune, however, thwarted Con Ed's reasonable efforts to reach a fair appraisal by failing to provide the necessary data, which rendered the making of an offer of payment impracticable. Under these circumstances, EDPL 302 specifically excuses the condemnor from making an offer of payment prior to acquisition. Nonetheless, in keeping with the "spirit" of good-faith negotiations, Con Ed tendered an offer prior to the vesting of title.

Neptune's contention that the offer of payment was made in bad faith and was grossly disproportionate to the true value of the property is unpersuasive. Any inaccuracy in the appraisal must be attributed to Neptune's absolute refusal to provide pertinent data. Furthermore, Con Ed explicitly advised Neptune that it might accept the $375,000 as a partial advance payment, without any prejudice to claims for additional compensation (see, EDPL 304). The claimed inadequacy of the offer of payment does not constitute a defense to the vesting of title

in Con Ed for the additional reason that the EDPL affords Neptune an adequate opportunity to seek additional compensation after the taking (EDPL article 5; 701). As noted by the Supreme Court of the United States: "[t]he Fifth Amendment [does not] require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a ' "reasonable, certain and adequate provision for obtaining compensation" ' exist at the time of the taking" *(Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 194). The EDPL provides such a mechanism, assuring just compensation to the property owner *(see, Port Chester Yacht Club v Iasillo,* 614 F Supp 318, 322; *Kohlasch v New York State Thruway Auth.,* 482 F Supp 721, 723). Consequently, the proposed amendment was insufficient as a matter of law and without support in the record.

Leave to amend the answer to add the proposed constitutional challenge to EDPL article 2 was also properly denied. Since Neptune could have properly raised the question of whether the proceeding was in conformity with the due process requirements of the Federal and State Constitutions (EDPL 207 [A], [B], [C] [1]) in the prior judicial review proceeding before this court, but failed to do so, it was barred from raising it in the subsequent proceeding pursuant to EDPL article 4 (EDPL 208).

Finally, we find that the vesting order was properly entered by the Supreme Court based upon a finding that Con Ed fully complied with the procedural requirements of the EDPL, including those embodied in EDPL article 3. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.