■ CMC Quality Concrete Corp., Appellant, v AFA Reinforced Concrete Corp. et al., Respondents.—In an action, inter alia, to enforce a covenant not to compete, the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (Dickinson, J.), dated January 31, 1989, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for leave to serve an amended complaint and for leave to renew its motion for a preliminary injunction, and (2) from a judgment of the same court dated April 4, 1989, which is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court acted properly in granting the defendants' motion for summary judgment dismissing the complaint. The parties' moving papers, including the documentary evidence submitted therewith, clearly establish that the defendants were not legally bound by the covenant not to compete which the plaintiff seeks to enforce. Accordingly, in view of the absence of triable issues of fact, the defendants were properly awarded summary judgment dismissing the complaint. Similarly, that branch of the plaintiff's cross motion which was for leave to renew its motion for a preliminary injunction was properly denied since the plaintiff failed to establish a likelihood of success on the merits *(see, McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172). In any event, we note that whether the plaintiff is entitled to a preliminary injunction is academic since the three-year period governing the covenant not to compete has expired.

Moreover, the plaintiff was properly denied leave to serve an amended complaint since the proposed amended complaint was devoid of merit *(see, Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012). Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.