**NEWMARK & LEWIS, INC., Plaintiff,**

v.

**LOCAL 814, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant.**

**No. CV–91–1100 (ADS).**

United States District Court,
E.D. New York.

Oct. 5, 1991.

---

Speno Goldman Goldberg Steingart & Penn, P.C., Mineola, N.Y. (Richard F. Harrison, of counsel), for plaintiff.

Friedman & Levy–Warren, New York City (Bruce S. Levine, of counsel), for defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This action arises out of the defendant Local 814, International Brotherhood of Teamsters' ("Local 814"), demand for arbitration of a dispute between itself and the plaintiff Newmark & Lewis, Inc. ("Newmark & Lewis"). Local 814 alleges that Newmark & Lewis breached a collective bargaining agreement by using non-union employees for the delivery and distribution of its products. Local 814 removed the action from state court to this Court on the ground that the dispute between the parties is governed by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Before the Court at this time is the motion of Newmark & Lewis for remand to state court. The sole question presented is whether under the "well-pleaded complaint rule", the action is properly removable.

## BACKGROUND

Local 814 represents the employees of Westbury Transport, Inc. ("Westbury"), with whom there exists a collective bargaining agreement. Local 814 contends

that Westbury is the "alter ego" of Bedding Showcase, Inc. ("BSI"), in that they allegedly constitute "a single integrated enterprise" (Removal Notice ¶ 3). Local 814 further alleges that Newmark & Lewis and Westbury are "joint employers". That is, the two entities are both deemed employers of a single group of employees if they both exercise "immediate control" over these employees.

Newmark & Lewis employed BSI (non-union employees), for the distribution and delivery of its products. Local 814 demanded arbitration to determine whether Newmark & Lewis, as a joint employer with Westbury, breached the collective bargaining agreement with the union by using non-union employees.

Pursuant to New York's CPLR 7503, Newmark & Lewis filed a verified petition to stay the arbitration and simultaneously obtained an order to show cause, signed by Justice Leo F. McGinity on March 19, 1991, in the Supreme Court of the State of New York, Nassau County. The order to show cause temporarily stayed the arbitration pending a determination of the underlying proceeding.

In its petition, Newmark & Lewis alleges that there was no collective bargaining agreement in force between itself and Local 814, and that its recent contract with BSI for the delivery of its merchandise is a purely private agreement.

Local 814 subsequently removed the state-court proceeding to this Court pursuant to 28 U.S.C. § 1441(b), based upon federal-question jurisdiction (see 28 U.S.C. § 1331). In its removal notice, Local 814 states that, on information and belief, BSI is the alter ego of Westbury in that "they constitute a single integrated enterprise". The removal notice further states that a collective bargaining agreement is in effect between Local 814 and Westbury which contains an arbitration clause. Accordingly, Local 814 contends that Newmark & Lewis is bound by the Westbury Agreement by reason of its "joint employer relationship with Westbury".

The removal notice also states as follows:

"9. ... The issue of whether there is a valid collective bargaining agreement between the parties herein is a matter which this Court would have original jurisdiction to resolve pursuant to 29 U.S.C. § 185....

10. Although Newmark has cast its action as a state claim pursuant to Article 75 of the New York Civil Practice Laws and Rules, such a claim is preempted by 29 U.S.C. § 185, and any action to determine the validity of an agreement to arbitrate embodied in a collective bargaining agreement may only be brought under 29 U.S.C. § 185...."

Newmark & Lewis now moves pursuant to 28 U.S.C. § 1447(c) to remand the action back to state court, on the ground that this Court lacks federal subject matter jurisdiction over the dispute. Newmark & Lewis also seeks an award of costs and expenses pursuant to 28 U.S.C. § 1447(c), in the event that it is successful.

## PARTIES' CONTENTIONS

Newmark & Lewis advances two arguments in support of its motion to remand.

First, it contends that section 301 (29 U.S.C. § 185) of the LMRA only vests the Court with jurisdiction to hear disputes arising from contracts between *employers and unions.* Since no such contract exists between Local 814 and Newmark & Lewis, the Court does not have jurisdiction over any dispute between them. Second, Newmark & Lewis argues that the face of Newmark & Lewis's state court petition does not raise a federal question and, therefore, even though a federal question *may* be asserted as a defense, the action is not removable.

In support of removal, Local 814 argues that Newmark & Lewis' state-court petition alleges that it "never knowingly and intentionally entered into any agreement to arbitrate any disputes with Local 814". Therefore, according to Local 814, the sole issue is one of federal law, namely, whether Newmark & Lewis is bound by the collective bargaining agreement between Local 814 and Westbury.

## DISCUSSION

An action may be removed from state court to this Court only if the case could have initially been brought in federal court (*see* 28 U.S.C. § 1441; *see also Oklahoma Tax Comm'n v. Graham,* 489 U.S. 838 [109 S.Ct. 1519, 103 L.Ed.2d 924] [1989] [per curiam]). In the present case, the defendant predicates federal jurisdiction over this action on 28 U.S.C. § 1331 or "federal-question" jurisdiction.

On a motion to remand pursuant to 28 U.S.C. § 1447(c), "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof'" (*R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 [2d Cir.1979], *citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 [56 S.Ct. 780, 785, 80 L.Ed. 1135] [1936]; *see also Nicola Prods. Corp. v. Showart Kitchen's, Inc.,* 682 F.Supp. 171, 173 [E.D.N.Y.1988] [on a motion to remand, "the burden of persuasion remains upon the removing party, and any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum"]).

The determination of whether federal-question jurisdiction exists for purposes of removal "is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" (*Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 [107 S.Ct. 2425, 2430, 96 L.Ed.2d 318] [1987], *citing Gully v. First National Bank,* 299 U.S. 109, 112–13 [57 S.Ct. 96, 97–98, 81 L.Ed. 70] [1936]). "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts" (*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64 [107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55] [1987], *citing Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust For Southern Cal.,* 463 U.S. 1, 9–12 [103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420] [1983]). This rule makes the plaintiff the "master of the claim" (*Caterpillar Inc. v. Williams, supra,* 482 U.S. at p. 393 [107 S.Ct. at p. 2430]; *see also The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 [33 S.Ct. 410, 411, 57 L.Ed. 716] [1913] ["Of course, the party who brings a suit is master to decide what law he will rely upon"]).

Ordinarily, defenses to a suit, which do not appear on the face of a well-pleaded complaint, do not authorize federal removal, even if the defense relies on federal law (*see Caterpillar Inc. v. Williams, supra; Gully v. First National Bank, supra*). One exception to this rule is the "complete pre-emption doctrine", which essentially states that when the pre-emptive force of a federal statute is so "extraordinary", it converts a state-law claim into "one stating a federal claim for purposes of the well-pleaded complaint rule" (*Metropolitan Life Ins. Co. v. Taylor, supra,* 481 U.S. at pp. 64–65 [107 S.Ct. at pp. 1546–47]). When this occurs, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law" (*Caterpillar Inc. v. Williams, supra,* 482 U.S. at p. 394 [107 S.Ct. at p. 2430–31] [citation omitted]).

For example, in *Metropolitan Life Ins. Co. v. Taylor, supra,* the Supreme Court held that common-law contract and tort causes of action filed in state court that are in fact pre-empted by the Employee Retirement Income Security Act ("ERISA"), and come within the scope of section 514(a) of ERISA, 29 U.S.C. § 1144(a), are removable to federal court under 28 U.S.C. § 1441(b).

Similarly, the Supreme Court has held that section 301 claims under the LMRA, 29 U.S.C. § 185, completely pre-empt a state cause of action based on violation of contracts between an employer and a labor organization that amount to actions to enforce a collective bargaining agreement (*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 558 [88 S.Ct. 1235, 1236, 20 L.Ed.2d 126] [1968]; *but cf. Caterpillar Inc. v. Williams, supra* [well-pleaded complaint rule precludes removal of an action based on *individual* labor contracts, even though they may implicate a collective bar-

gaining agreement subject to federal pre-emption]).

Newmark & Lewis contends that its suit was brought pursuant to Article 75 of the CPLR, and not section 301 of the LMRA. Accordingly, Newmark & Lewis urges remand based on its well-pleaded complaint. The issue, therefore, is whether despite the plaintiff's well-pleaded complaint, this is in actuality an action preempted by the LMRA.

■ Section 301 of the LMRA contemplates suits "for violation of contracts between an employer and a labor organization ... or between any ... labor organizations" (29 U.S.C. § 185). Significantly, a federal court is not divested of jurisdiction merely because of "the employer's allegation that no contract existed between the employer and union" (*Baron Buick, Inc. v. Local 259*, 563 F.Supp. 688, 691 [E.D.N.Y.1983] [McLaughlin, J.] [citations omitted]; *see also Paramount Bag Mfg. Co. v. Rubberized Novelty & Plastic Fabric Workers' Union*, 353 F.Supp. 1131, 1134 [E.D.N.Y.1973] [federal court has jurisdiction over "an action by an employer resisting arbitration on the ground that an existing union contract did not cover the particular controversy"]). This Court clearly has jurisdiction under section 301 to determine whether or not a valid collective bargaining agreement exists between an employer and union (*see, e.g., Benson v. Brower's Moving & Storage*, 726 F.Supp. 31, 36 [E.D.N.Y.1989], *aff'd on other grnds.*, 907 F.2d 310 [2d Cir.], *cert. denied*, [—— U.S. ——], 111 S.Ct. 511 [112 L.Ed.2d 524] [1990]; *Messinger v. Building Contractors Ass'n, Inc.*, 703 F.Supp. 320, 323 [S.D.N.Y.1989]).

■ The sole issue in this case is whether Newmark & Lewis is contractually obligated to participate in the arbitration demanded by Local 814 on the ground that Newmark & Lewis is a "joint employer" of Westbury's employees, and whether Newmark & Lewis is obligated to arbitrate. Newmark & Lewis commenced the state-court action to determine precisely the issue of whether or not it was bound to arbitrate under the collective bargaining agreement.

Although not in the context of a motion to remand, the Sixth Circuit Court of Appeals was presented with a similar challenge asserted by an employer claiming that the federal court lacked jurisdiction to hear claims by a union that the employer was a "joint employer", thus bound by the collective bargaining agreement (*see Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580 [6th Cir.1982]). In rejecting this argument, the court stated:

"We recognize that courts have generally held that this section creates federal jurisdiction only over parties to the contract being sued upon.... However, since the primary issue in this case was whether Hoetger was a "joint employer" such that it could be bound by the collective bargaining agreement, we conclude that the district court had jurisdiction under § 301(a) to decide this claim" (672 F.2d at p. 583 [citations omitted]).

Accordingly, based upon the above persuasive precedent, this Court finds that federal jurisdiction exists and is preemptive at least to determine the issue of whether Newmark & Lewis is a "joint employer" over Westbury's employees which, if so, would contractually obligate Newmark & Lewis to arbitrate the dispute with Local 814 under the Westbury Agreement. Newmark & Lewis' denial that it is bound by the collective bargaining agreement does not deprive this Court of jurisdiction to determine this issue (*see Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co., supra*). Since the Court finds that section 301 preempts Article 75 on this issue, the Court denies the plaintiff's motion for remand (*cf. Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 558 [88 S.Ct. 1235, 1236, 20 L.Ed.2d 126] [1968]).

## CONCLUSION

Based upon the foregoing, the motion of the plaintiff to remand this action to the Supreme Court of the State of New York,

County of Nassau, pursuant to 28 U.S.C. § 1447(c), is denied.

SO ORDERED.