**Richard HODGES, Plaintiff,**

v.

**Barbara P. DEMCHUK, Assistant Attorney General; John P. Keane, Superintendent of Sing Sing Correctional Facility; Lorraine Mihulka, Inmate Records Coordinator, Washington Correction Facility; Peggy Wolcott, Principal Clerk, Washington Correctional Facility; and Merrill Sanderson, Esq., Department of Correctional Services, Counsel's Office, et al., in their individual and official capacities, Defendants.**

**No. 94 Civ. 0560 (SS).**

United States District Court, S.D. New York.

Aug. 23, 1994.

Richard Hodges, pro se.

### *OPINION & ORDER*

SOTOMAYOR, District Judge.

*Pro se* plaintiff Richard Hodges moves for an order remanding this removed action to the New York Supreme Court, New York County, for lack of federal subject matter jurisdiction. 28 U.S.C. § 1447(c). Hodges also seeks my recusal because of an alleged bias in favor of defendants. For the reasons discussed below, plaintiff's motion to remand this action and his motion for recusal are **DENIED.**

## FACTUAL BACKGROUND

The complaint filed in state court alleges that in the course of conducting discovery or complying with discovery requests in Hodges' two pending federal civil rights lawsuits, *Hodges v. Keane,* 89 Civ. 1805, and *Hodges v. Sullivan,* 88 Civ. 2279 (collectively the "Federal Actions"), the defendants used their official positions to retrieve or otherwise gain access to certain confidential medical and psychiatric records in violation of Hodges' right to privacy. The complaint further asserts that the defendants' unauthorized access to plaintiff's medical records led Judge Robert P. Patterson of the Southern District of New York to compel disclosure of additional medical and psychiatric records in the Federal Actions.

Pursuant to 28 U.S.C. §§ 1441 and 1443, defendants removed this action to federal court. Plaintiff seeks remand of this action to state court on the ground that his claims rely solely on state law for relief, and therefore, this Court is without subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

## DISCUSSION

### I. *Judicial Recusal*

■ Before turning to the motion for remand, I will first address plaintiff's recusal motion. Essentially, plaintiff contends that I am biased in favor of the defendants because I granted a defense motion in the Federal Actions that plaintiff submit to a psychiatric examination pursuant to Fed.R.Civ.P. 35.

*See* Opinion & Order, dated Jan. 6, 1993, *Hodges v. Keane,* 89 Civ. 1805; *Hodges v. Sullivan,* 145 F.R.D. 332. Recusal, however, is not warranted simply because a judge issues an adverse ruling. *Liteky v. United States,* — U.S. —, —, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). I, therefore, deny plaintiff's motion for recusal.

### II. *Remand Under Section 1447(c)*

■ On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979) ("the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof"); *Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. of Teamsters,* 776 F.Supp. 102, 105 (E.D.N.Y.1991) (same). Defendants maintain that the state action is properly removable under 28 U.S.C. § 1441 [1] and 1443 [2] because the complaint alleges, in essence, civil rights violations by state officials acting under color of law.

■ Section 1441(b) of Title 28 of the United States Code permits removal of any civil action founded on a federal question over which the district courts would have had original jurisdiction. Removal under that section is improper unless a federal question is an essential element of a plaintiff's cause of action, and is apparent on the face of the plaintiff's well-pleaded complaint without ref-

---

1. The defendants have not, either in their removal petition or in their opposition papers to plaintiff's motion to remand this action, specified the subsection of 28 U.S.C. § 1441 upon which they rely. However, because diversity jurisdiction is inapplicable here, I assume that defendants predicate removal on 28 U.S.C. § 1441(b), which provides as follows:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

2. 28 U.S.C. § 1443 provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

erence to the answer or the removal petition. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.1986); *Prominence Realty Corp. v. Mal Restaurant, Inc.,* 538 F.Supp. 1180, 1182 (S.D.N.Y.1982). The plaintiff is "the master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Thus, where the plaintiff's claims involve both state and federal grounds, the plaintiff may forego the federal claims and proceed exclusively on state grounds to defeat removal. *Travelers,* 794 F.2d at 758.

■ That appears to be precisely the path upon which Hodges hoped to proceed. Hodges' complaint does not allege any violations of federal law, but instead asserts that the records at issue were privileged from disclosure under New York Civil Practice Law & Rule § 4504(a). That provision prohibits health professionals from disclosing any information acquired in the course of attending a patient in a professional capacity. It is of little significance that, as defendants contend, the alleged privacy violations by state officials may state a civil rights claim under 42 U.S.C. § 1983, since these same allegations, under the liberal construction afforded *pro se* complaints, may also plead a claim under New York's personal privacy protection law. Public Officers Law § 96 (McKinney's 1994) prohibits state agencies[3] from, *inter alia*, disclosing "patient records concerning mental disability or medical records where such disclosure is not otherwise required by law." *See also* N.Y. Public Officers Law § 97 (McKinney's 1994) (creating private right of actions to redress such violations). Because plaintiff's claims are not ex-

clusively federal in nature, the narrow "artful pleading" exception to the "well-pleaded complaint" rule, which prevents a plaintiff from defeating removal by casting a federal claim in state guise, does not sustain removal in this case.

■ However, federal question jurisdiction, and, thus, removal jurisdiction, may lie for "state-created claims that involve construction of federal law, but only if the federal element is substantial." *Travelers,* 794 F.2d at 762 (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Smith v. Kansas Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) (other citations omitted)). Here, the federal element of plaintiff's state claims is certainly substantial since the alleged unlawful disclosures of plaintiff's psychiatric and medical records occurred in the course of conducting discovery in the Federal Actions. Under N.Y. Public Officers Law § 96(1)(f), "[n]o agency may disclose any record or personal information unless such disclosure is ... specifically authorized by statute or federal rule or regulation." Subsection 96(1)(k) of that statute further exempts disclosures "to any person pursuant to a court ordered subpoena or other compulsory legal process." Federal practice and procedure, therefore, is at the heart of plaintiff's state law claims, as federal rules governing discovery necessarily will determine the propriety of any disclosures of plaintiff's confidential records by the various defendants. Consequently, this Court possesses federal question jurisdiction over plaintiff's state law claims, and removal of this action pursuant to 28 U.S.C. § 1441(b) is, therefore, proper.[4] Plaintiff's motion to remand this action is accordingly denied.

---

3. The term "agency," as used in the personal privacy protection law, encompasses "any ... governmental entity performing a governmental or proprietary function for the state of New York ..." N.Y. Public Officers Law § 92(1) (McKinney's 1994).

4. I might add, however, that this action is not properly removable under 28 U.S.C. § 1443. Presumably defendants do not seek removal under subsection 1443(1) of that Title, since they have not claimed any inability to enforce a feder-

al civil rights law guaranteeing racial equality. *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). Removal may not be premised upon subsection 1443(2) since that provision "is available only to federal officers and to persons assisting them in the performance of their official duties." *Prominence Realty Corp. v. Mal Restaurant,* 538 F.Supp. 1180, 1183 (S.D.N.Y.1982) (citing *Greenwood v. Peacock,* 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966).

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand this action to the New York Supreme Court and his motion for recusal are **DENIED**.

**SO ORDERED.**